## GUERARD *et al. vs.* GUERARD *et al.*

1. Where a will devised all the property of the testator, both real and personal, including a lot in Georgia, to his wife for life, with remainder to the issue of the marriage living at her death, and in default of such issue to his "own right heirs," and where the wife of testator died, without issue, and the property was claimed by the descendants of a brother of testator of the whole blood, and also by his brothers and sisters of the half blood on the paternal side, it was admissible to prove that the testator was living in the state of Pennsylvania up to the date of his death, and when the will was made; that the property in Georgia was derived from his mother; that the testator had real and personal property in Pennsylvania; and that, by the law of that state at the time the will was made, the brothers and sisters of the whole blood would inherit in preference to brothers and sisters of the half blood. Such evidence tended to show the intention of the testator and his meaning in using the words his "own right heirs."

2. Under these facts, the descendants of the testator's brother of the whole blood would take land in Georgia, to the exclusion of the brothers and sisters of the half blood and their descendants.
   December 1, 1884.

Wills. Estates. Evidence. Heirs. Words and Phrases. Before Judge ADAMS. Chatham Superior Court, June Term, 1884.

Guerard *et al.* filed their bill against Guerard *et al.* for partition, and to obtain a construction of the will of Dr. Augustus Guerard, deceased, under which both sides claimed, the subject-matter of the conflicting claims being

a half interest in a lot of land in Savannah, Georgia. The facts are sufficiently stated in the decision.

Under the charge of the court, the jury found for complainants. Defendants moved for a new trial, on the following among other grounds:

(1.) Because the court admitted parol evidence, over objections of defendants, to show the following facts: That the testator was a citizen and resident of the state of Pennsylvania when he made his will; that he derived his title to the property in dispute from his mother, from whom the complainants, but not the defendants, are descended; that by the law of Pennsylvania, the real property in that state of an intestate dying without widow, father, mother or issue living at his death, and having brothers and sisters both of the whole and half blood, or representatives of such brothers and sisters, descended to and vested in the brothers and sisters of the whole blood, or their representatives, to the exclusion of those of the half blood.

(2.) Because the court charged to the effect that the words, " own right heirs," should be given the meaning which they had in Pennsylvania, and that kin of the whole blood would take under them in preference to kin of the half blood.

The motion was overruled, and defendants excepted.

JOHN M. GUERARD; WM. S. BASINGER, for plaintiffs in error.

DENMARK & ADAMS, for defendants.

BLANDFORD, Justice.

Augustus Guerard owned a certain tract of land in Savannah; he made his will in 1845, by which he left all his property, real and personal, to his wife for her life, with remainder to the issue of the marriage living at her death, and in default of such issue to his " own right heirs." The

widow took the estate during her life, and died November 1, 1883, without issue of the marriage living at her death. The father of the testator was married twice; by the first marriage he had two sons, the testator and Robert Godin Guerard, whose descendants are the complainants in the bill (the defendants in error); by the second marriage, he had the plaintiffs in error (the defendants in the court below), who are brothers and sister of the half blood of the testator by the paternal side. The court allowed complainants to prove that testator lived in the state of Pennsylvania when he died and when the will was made, and that the property in Savannah was derived from his mother; also what the law of Pennsylvania was as to who were the heirs of a person dying in that state when the testator died; also that testator, when he made this will, had real and personal property in the state of Pennsylvania.—This testimony was objected to by the plaintiffs in error, and the objection overruled by the court, and they excepted, and this is the first ground of error complained of.

The law of Pennsylvania having been shown to be, when this will was made, that the brothers and sisters of the whole blood should inherit in preference to the brothers and sisters of the half blood, the court below held that the testator meant by the use of the words, " my own right heirs," his brother of the whole blood, and that complainants in the bill, being the defendants in error and the descendants of Robert Godin Guerard, the only brother, there being no sisters, were entitled under the will to the property mentioned in the bill, to the exclusion of brothers and sisters of the half blood.—This ruling is also excepted to, and forms the only other ground of complaint. This will will be construed according to the laws of Georgia. The cardinal rule of construction of all wills is to ascertain the intention of the testator. The court will seek diligently for the intention of the testator in the construction of all legacies. Code, §2456.

" When called upon to construe a will, the court may

hear parol evidence of the circumstances surrounding the testator at the time of its execution. So the court may hear parol evidence to explain all ambiguities, both latent and patent." Code, §2457.

. "The word 'heirs,' or its equivalent, is not necessary to create an absolute estate, but every conveyance properly executed shall be construed to convey the fee unless a less estate is mentioned and limited in such conveyance. . . . . The court may hear parol evidence to prove the intention." Code, §2248.

"The validity, form and effect of all writings or contracts are determined by the laws of the place where executed. When such writing or contract is intended to have effect in this state, it must be executed in conformity to the laws of this state, excepting wills of personalty of persons domiciled in another state or country." Code of ·Ga., §8. What is the meaning of the words "my own right heirs," as used by the testator in his will? These words are certainly ambiguous. The will itself shows that it was made in Pennsylvania. The Code, as above quoted, declares it to be the duty of the court to search diligently for the intention of the testator in construing his will, and to enable the court to find such intention, and to this end parol evidence may be heard of the circumstances surrounding the testator when the will was executed. We. think the court did right to admit evidence that testator lived in Pennsylvania when the will was executed; also that testator had real and personal property in that state when the will was made, and that by the laws of Pennsylvania, the brothers and sisters of the whole blood inherited from and were the heirs at law of testator to the exclusion of brothers and sisters of the half blood on the paternal side.

So the only question remaining is, was the court below right in holding that the descendants of the brother of the whole blood were entitled to the land in Georgia to the exclusion of the brothers and sisters and their descendants of the half blood?

The surrounding circumstances at the time the testator made this will indicate very clearly that he meant by the use of the words, "my own right heirs," that those persons whom he intended to take under his will were such persons as were his heirs by the laws of Pennsylvania, and as we have seen those persons were his brothers and sisters of the whole blood, to the exclusion of brothers and sisters of the half blood. This construction is strengthened by the fact that testator owned land and personal property in Pennsylvania at the time he made this will, and which passed by the same to his brothers and sisters of the whole blood. The will designates only one class to take, to-wit, testator's "own right heirs." It would be unreasonable to suppose that testator intended different persons to take his real estate in Georgia from those who were to take his real estate in Pennsylvania, when he designates both classes by the same words, his "own right heirs." Wills devising real estate situated in this state will be construed according to the rules of construction adopted by the laws of this state; among the principal are those sections of our own Code that have been cited. It appears that the court below construed this will in conformity with those rules (14 *Ga.*, 374; 8 *Id.*, 37; 49 *Id.*, 540; 21 Law Library M. P., 309), and his judgment is affirmed.

Judgment affirmed.