### 20171.   CULLENS *v.* PIERCE, Mayor, *et al.*

CANDLER, Justice.   Grady Cullens brought mandamus against the governing officials of the City of Dublin to compel them to issue him a permit for the erection of a filling station. The writ was granted by the trial judge, and the defendants excepted. On review, this court reversed the judgment and in doing so held that the evidence demanded a finding that the applicant had not executed an application for the permit, which an ordinance of the city required as a prerequisite to its issuance. See *Pierce* v. *Cullens*, 213 *Ga.* 649 (100 S. E. 2d 732). Before the remittitur from this court was made the judgment of the trial court, Cullens offered an amendment to his original petition, in which he alleged that he had, subsequently to the date of the decision rendered in the case by this court, filed the required application for such a building permit. On objection thereto, the proffered amendment was disallowed, and the mandamus proceeding was dismissed. The applicant excepted. *Held*:

If the applicant in this case has a cause of action for the relief sought, it arose when he made an application to the City of Dublin for the desired building permit as required by an ordinance of the city, which application for such a permit was made, as the record shows, on a day subsequent to the one on which he filed his original petition for mandamus; and this being therefore a new and distinct cause of action from the one originally declared on, it could not under our rules of practice and procedure be set up and asserted in an amendment to his original petition. In other words, a new and distinct cause of action from that made in the original petition cannot be added by amendment. Code § 81-1303; *Cooper* v. *Oglethorpe Savings & Trust Co.*, 147 *Ga.* 570, 571 (4) (94 S. E. 1006); *Jenkins* v. *Lane*, 154 *Ga.* 454 (1d) (115 S. E.

126); *Harrell* v. *Parker*, 186 *Ga.* 760, 767 (198 S. E. 776); *Baker* v. *Decatur Lumber &c. Co.*, 211 *Ga.* 510 (2) (87 S. E. 2d 89). Hence, no error is shown by the record.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 8, 1958—DECIDED OCTOBER 10, 1958.

*Harold E. Ward, E. L. Rowland,* for plaintiff in error.
*W. W. Larsen, Jr.,* contra.