23175, 23177.   RUSSELL, Executrix, v. MARSHALL et al.
(two cases).
23176.   RUSSELL v. MARSHALL et al.

ARGUED NOVEMBER 8, 1965—DECIDED DECEMBER 6, 1965—
REHEARING DENIED DECEMBER 15, 1965.

*Cumming, Nixon, Eve, Waller & Capers, John D. Capers,
R. U. Hardin,* for appellants.

*Carlton G. Matthews, Jr., P. B. Lewis, Jr., H. Cliff Hatcher,
George Fryhofer, Limerick L. Odom,* for appellees.

*Fulcher, Fulcher, Hagler, Harper & Reed,* for party at interest not party to record.

DUCKWORTH, Chief Justice. There is and can be no denial that the joint will bequeathed and devised to the survivor to have and to hold in fee simple all the property of the testator. The dispute arises because of other provisions of the will. Appellees contend that such provisions create a precatory trust and they strongly rely upon *Ingram v. Fraley,* 29 Ga. 553, for support of this position, while appellants assert that all such language is a mere expression of mutual confidence and appropriate directions to the executor in winding up the estate. In this position they are supported by *Code* § 108-103 since the provisions of the will relied upon fall short of meeting the requirements of that section. While the *Ingram* case does not hold that the provisions there dealt with created a trust, it was held that it was sufficient to prevent the named legatee, a stranger in blood, from taking, and the result was for the lawful heirs of the testator to get the estate on authority of *Wright v. Hicks,* 12 Ga. 155, which held that when the name of the legatee was followed with the words "in trust" no estate passed to the legatee, and the heirs would take. But we note that the decision in *Ingram* was rendered in 1859, and subsequently in 1863 a code was adopted which contained what is now *Code* § 108-103, and anything ruled in *Ingram* contrary to the later law, now *Code* § 108-103, must yield to the later law which now controls. Also we point out that the *Ingram* decision was by only two Justices. Stephens, J., being disqualified, did not participate.

Courts will not re-write wills. *Hungerford v. Trust Co. of Ga.,* 190 Ga. 387 (9 SE2d 630). The rule for construing wills is to look to their "four corners" to ascertain the testator's intention and when thus discovered effectuate the same, and one clause must not be allowed to destroy another unless they are irreconcilable. *Jackson v. Brown,* 203 Ga. 602 (47 SE2d 867). The general rule is that courts will not by construction reduce an estate once devised absolutely in fee by limitations contained in subsequent parts of the will unless the intention to do so is unmistakably manifest. *Smith v. Slade,* 151 Ga. 176 (106 SE 106).

Since the testator refused to write into the will words of trust that are required by *Code* § 108-103 or *Code Ch.* 108-1, courts can not do so. The expressions therein of mutual confidence and knowledge that the survivor would provide for their children and take care of the estate do not amount to a precatory trust. They are deficient in the following particulars and possibly more: (1) they are not imperative, leaving the legatee no choice or option; (2) the beneficiaries are indefinite in that it is unknown if the wife was one; and (3) there is no direction as to how a trust should be administered. The testator plainly devised his estate to his wife in fee simple. His expressions of confidence in her and that she would preserve the property and take care of their children, neither expressly nor by implication limited or qualified her estate thus devised. Scott on Trusts (2d Ed.) Vol. 1, p. 194, § 25.2. Nor did the provisions requiring her to make an inventory, to sell at public or private sale, make a final return and instructing the ordinary to discharge the executrix do more than protect creditors and follow the law applicable to executors. It in nowise diminished the fee simple estate therein devised. For the foregoing reasons it was error to overrule the demurrers to the petition for construction and the petition to prevent waste.

*Judgments reversed. All the Justices concur, except Mobley, J., not participating for providential cause.*