23648. RUSSELL v. RUSSELL, Executrix, et al.

CANDLER, Presiding Justice. This case involves an estate left by Q. V. Russell which he disposed of by will. On a former appearance of litigation concerning it, we held that he bequeathed all of his property in fee to Elvie Russell, his wife, to the exclusion of his four children. See *Russell v. Marshall*, 221 Ga. 601 (146 SE2d 296). After that decision was rendered and before the remittitur of this court was made the judgment of the trial court, plaintiffs (two of his four children) amended their petition by striking its allegations and prayer for a construction of his will and in lieu thereof alleged in substance the following: Q. V. Russell and Elvie Russell (father and mother of plaintiffs) several months prior to the execution of their joint and mutual will, orally agreed and promised each other that the survivor would preserve and take care of the property of the deceased and divide it into four equal parts and transmit them to their four children, namely, Geneva R. Marshall, Oliver O. Russell, Everett Russell and Ruth Russell Howard in equal shares; that Q. V. Russell relied on such oral promise and agreement and it was made by testator and his wife for the benefit of their four children; that although such promise and agreement was made prior to the execution of such will and independently thereof, Q. V. Russell in executing his will nevertheless relied upon the oral promise and agreement of Elvie Russell to comply with its terms; and that Elvie Russell's promise and agreement to make an equal division of testator's property among their four children was fraudulent in its inception because she intended at the time it was made to prefer two of her children over the other two. The amendment was allowed subject to objection and demurrer. The defendants demurred and moved to strike the amendment on the ground, among others, that it sought to set up a new and distinct cause of action. The demurrers and motion to strike the amendment were sustained and the petition was dismissed. The exception is to that judgment. *Held:*

It is settled by *Code* § 81-1303 and numerous decisions of this court that an amendment to a petition adding a new and distinct cause of action is not allowable either at law or in equity. *Magid v. Byrd,* 164 Ga. 609 (3) (139 SE 61); *Cullens v. Pierce,* 214 Ga. 430 (105 SE2d 223). The original peti-

tion, as amended, prayed for a construction of Q. V. Russell's will and alleged that certain language contained in it should be construed as creating a trust in favor of his four children in all of the property bequeathed thereby. In our prior decision involving his estate (221 Ga. 601, supra), we rejected that contention and held that he bequeathed his estate in fee to Mrs. Elvie Russell, his wife. The amendment completely abandons plaintiffs' first contention and seeks to set up and establish an express trust in favor of the testator's four children in all of the property he owned at the time of his death resulting from an oral promise and agreement between the testator and his wife which they allegedly made several months prior to the execution of their joint and mutual will—a promise and agreement wholly independent of such will. The amendment therefore alleges a new and distinct cause of action which is not permissible pleading in this state; hence, the court did not err, as contended, in striking the amendment and dismissing the action.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1966—DECIDED OCTOBER 6, 1966.

*George W. Fryhofer,* for appellant.

*Cumming, Nixon, Eve, Waller & Capers, John D. Capers, Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, R. U. Harden,* for appellees.