## 24933. BEECHER et al. v. HALL et al.

ARGUED NOVEMBER 13, 1968—DECIDED NOVEMBER 21, 1968—
REHEARING DENIED DECEMBER 5, 1968.

*J. Edwin Peavy*, for appellants.

*Gordon Knox, Jr., J. H. Highsmith, Peyton Miles*, for appellees.

NICHOLS, Justice. 1. Under *Code* § 113-903 (5) the nieces were the sole heirs at law of the testatrix. Thus, since Item 4 of the will referred to other legal heirs, and since no evidence other than the will itself as to the testatrix's intention was before the trial court or is before this court, the will alone must be examined to determine if it gives any indication of the testatrix's intent as to the meaning of "other legal heirs."

Item 1 directed a Christian-like burial.

Item 2 left the life estate to the named uncle and Item 3 left the remainder interest in such real estate to the named great-niece.

Item 4, the item under consideration, provided: "I will, bequeath and devise to my nieces, Mrs. Bonnie Ruth Beecher and Mrs. Carolyn Arnette, a one-half interest in the remainder of my property, which shall include all property, both real and personal, owned by me at the time of my death, the remaining one-half of which said property I will, bequeath and devise to the others of my legal heirs who are not herein specifically named. In other words, it is my intent that my uncle, L. A. Hall, shall have a life estate in said residence property, the remainder interest in fee simple of which said residence property shall go to Judith Elaine Stone, and one-half of the rest of all

of my property going to the said Mrs. Bonnie Ruth Beecher and Mrs. Carolyn Arnette, and the remaining one-half divided between my other legal heirs."

Item 5 provided for the appointment of the executor, etc., and Item 6 provided that all the property of the estate, other than the residence referred to in Items 2 and 3, should be converted into cash and "after this has been done and after the payment of all debts and expenses, one-half of such amount as above stated shall go to Mrs. Bonnie Ruth Beecher and Mrs. Carolyn Arnette, and the remaining one-half of said sum shall go to the other of my legal heirs who are not herein specifically named."

Thus, three times the testatrix directed that one-half of the remainder would go to the two named nieces and three times she directed the other one-half would go to "other of my legal heirs not herein specifically named," "my other legal heirs" and "the other of my legal heirs who are not herein specifically named." In no instance does she otherwise identify "other legal heirs."

Did the testatrix mean to leave one-half of the remainder estate to those persons who would have taken under the rules of descent and distribution if the nieces, but not their children, had predeceased her? Did she mean the persons who would have taken under the laws of descent and distribution if the nieces and their children had predeceased her? Did she mean other relatives in the class with the great-niece specifically named in the will? Did she mean other relatives in the class with the uncle who was specifically named in the will? No indication can be gleaned from the will itself as to the intention of the testatrix and if she desired that the remainder go to her first cousins or her great-nieces and nephews she had only to use such words.

"If . . . the will uses words which have a well settled, definite meaning in the law, and there is nothing in the will itself to indicate that it was the intention of the testator that such words should be given any other meaning than that which the law gives them, then it is to be presumed that it was the intention of the testator that the words should be construed in

that sense in which the law would ordinarily construe them." *McLean v. Williams*, 116 Ga. 257, 258 (42 SE 485, 59 LRA 125).

While intestacies are not favored in construing wills, yet "courts will not rewrite wills. *Hungerford v. Trust Co. of Ga.*, 190 Ga. 387 (9 SE2d 630)." *Russell v. Marshall*, 221 Ga. 601, 602 (146 SE2d 296). It would require the court to rewrite the will of the testatrix by adding a clause as to whom she intended to include in the term "other legal heirs" in order to avoid an intestacy where there is no indication of her intention in the will, and this the courts will not do.

As was held in *Butts v. Trust Co. of Ga.*, 209 Ga. 787, 789 (75 SE2d 745), following *Tucker v. Adams*, 14 Ga. 548, 581: "In Georgia the word heirs means distributees." Thus the words "legal heirs" means those who would inherit under the laws of descent and distribution, and since there were no "other legal heirs" it must be concluded that there was an intestacy as to such part of the estate.

Accordingly, the judgment construing the will as leaving the remainder of the estate to the first cousins was error.

2. In view of the above holding it was not error to refuse to permit the great-nieces and nephews to intervene where they would not be entitled to a share of the estate as long as their mothers (the nieces of the testatrix) were living.

*Judgment affirmed in part; reversed in part. All the Justices concur.*