25197.   HALL et al. v. BEECHER et al.

SUBMITTED MAY 13, 1969—DECIDED JUNE 12, 1969.

*Gordon Knox, Jr.,* for appellants.

*J. Edwin Peavy, Kopp & Peavy, J. H. Highsmith, Peyton Miles,* for appellees.

MOBLEY, Justice. This is an appeal from the grant of a motion for judgment on the pleadings in an action by the executor for construction of the will of Hattie Coleman. Bonnie Ruth Beecher and Carolyn H. Arnett, nieces of the testatrix, sought by this motion to have it declared that under the pleadings an intestacy exists as to a one-half interest in the property of Hattie Coleman, and that they are entitled to this property as the only heirs at law of Hattie Coleman.

On the former appearance of the case in this court (*Beecher v. Hall,* 224 Ga. 823 (165 SE2d 155)), a judgment entered in favor of thirteen first cousins of the testatrix, on their motion for judgment on the pleadings, was reversed. It was held that the words, "the other of my legal heirs who are not herein specifically named," and other similar language in the will, meant those who would inherit under the laws of descent and distribution, and since there were no other legal heirs besides those named in the will, there was an intestacy as to that part of the estate devised to the "other legal heirs."

Thereafter Bonnie Ruth Beecher and Carolyn Arnett filed a motion for judgment on the pleadings in accordance with the ruling made by this court. The first cousins of the testatrix, the appellants in the present case, filed three affidavits in opposition to this motion. The affidavit of Byron Hall, one of the cousins, related the closeness of the ties between the testatrix and her cousins. In the affidavit of Mrs. Theola D. Hall, wife of one of the cousins, it was averred that the testatrix, after making her will, informed the affiant that she had left one-half of her property to her first cousins. Mrs. Annie Maude C. Birch, one of the cousins, in her affidavit averred that the testatrix read

her will in the presence of the affiant and stated that the language "other legal heirs" meant her first cousins.

The appellants point out that the former decision contained the statement that, "since no evidence other than the will itself as to the testatrix's intention was before the trial court or is before this court, the will alone must be examined to determine if it gives any indication of the testatrix's intent as to the meaning of 'other legal heirs.'" They insist that the affidavits show that it was the intention of the testatrix that the words "other legal heirs" meant her first cousins, and that the court erred in granting a judgment on the pleadings on the motion of the appellees.

Where affidavits are presented on a motion for judgment on the pleadings, and not excluded by the court, the motion is treated as one for summary judgment. Ga. L. 1966, pp. 609, 622 (*Code Ann.* § 81A-112 (c)). Therefore the question for determination in the present case is whether an issue of fact which should have been presented to a jury was made by the affidavits submitted by the appellants.

*Code* § 113-807 provides: "When called upon to construe a will, the court may hear parol evidence of the circumstances surrounding the testator at the time of its execution; so the court may hear parol evidence to explain all ambiguities, both latent and patent." In the will under consideration here the language is plain and unambiguous. Any uncertainty as to the intention of the testatrix arises from the fact that she devised property to her other legal heirs not specifically named in the will, whereas there were no persons answering that description at the time of her death or at the time her will was made, less than four months prior to her death. If any legal evidence could be produced, consistent with the language of the will, to explain this latent ambiguity, it would be admissible. *Doyal v. Smith*, 28 Ga. 262; *McElrath v. Haley*, 48 Ga. 641, 645.

In the early case of *Armstrong v. Armistead*, 32 Ga. 597, it was held that the will there under consideration could not be aided by parol evidence, since such evidence would make a will for the testator. In *Erwin v. Smith*, 95 Ga. 699 (22 SE 712), it was held as follows: "It is now too well settled to require argu-

ment or the citation of authority, that where the terms of a will are plain and unambiguous, they must control, and that parol evidence cannot be received to give the will a meaning different from that which is clearly and unequivocally expressed therein. While it is true that the cardinal rule for the construction of wills requires that the intention of the testator should be ascertained and enforced, and that in so doing parol evidence may be resorted to when the language of the will is doubtful or uncertain, there is no room for construction when the meaning of the words used in the will is so plain and obvious that it cannot be misunderstood. This is true although they may express a meaning entirely at variance with the real intention of the testator."

In *Oliver v. Henderson*, 121 Ga. 836, 839 (49 SE 743, 104 ASR 185), it was said: "Parol evidence is not admissible to show that the testator meant one thing when he said another." In *Snellings v. Downer*, 193 Ga. 340, 343 (18 SE2d 531, 139 ALR 860), after quoting *Code* § 113-807, this court said: "But if the terms of a will when legally construed are plain and unambiguous, parol evidence can not be received for the purpose of showing an intention contrary to that which the language when properly construed necessitates." See also: *MacLean v. Williams*, 116 Ga. 257, 258 (42 SE 485, 59 LRA 125) ; *Hungerford v. Trust Co. of Ga.*, 190 Ga. 387, 389 (9 SE2d 630).

None of the cases cited by the appellants applies any rule contrary to those stated in the foregoing cases. The case of *Guerard v. Guerard*, 73 Ga. 506, is clearly distinguishable on its facts from the present case. The testator there devised a remainder interest in property in Georgia to his "own right heirs." The contest was between heirs of the half blood and heirs of the whole blood. Evidence was admitted that the testator was a resident of Pennsylvania at the time he made the will and that the heirs of the half blood would not take under the laws of Pennsylvania.

As pointed out in the former decision of this court, the words "legal heirs" used in the will under consideration in the present case can mean only those who would inherit under the laws of descent and distribution in Georgia, there being no other words

in the will to show that the testatrix intended a different meaning; and under *Code* § 113-903 (5), these would be the nieces named in the will. Therefore the evidence submitted that the testatrix intended the first cousins (the appellants) to be the recipients of the property devised to the "other legal heirs" would contradict the plain terms of the will and could not be considered in arriving at the intention of the testatrix.

The trial judge did not err in granting the motion of the appellees for a judgment declaring that an intestacy existed as to the property devised to other legal heirs not named in the will, and that the appellees are entitled to this property as the only heirs at law of Hattie Coleman.

*Judgment affirmed. All the Justices concur.*