## S04A1273. REYNOLDS et al. v. HARRISON et al.
### (604 SE2d 184)

THOMPSON, Justice.

The question for decision in this declaratory judgment action is whether a majority of the co-executors can sell the stock of a non-publicly traded corporation which is not expressly bequeathed by name to a beneficiary, even though the estate is fully able to meet its financial obligations. The answer is "yes."

Robert H. Harrison died testate. His will names his wife, Patsy Hall Harrison, and his two daughters, Bobbie Ann Harrison Reynolds and Kelley Hall Belcher Tison, as co-executors of his estate. The will provides that decisions and acts of the executor are to be made by a majority vote of the co-executors.

The will divides the residuary estate into two parts. One part is to be distributed to The Luther & Susie Harrison Foundation, Inc., a private foundation created by the testator. This bequest is to be funded "to the extent possible . . . with marketable securities traded on a national exchange."[1] The other part, the "marital share," is to be distributed to two trusts, an exempt marital trust, and a non-exempt marital trust.[2]

The will gives the executor the powers enumerated in OCGA § 53-12-232, and provides that the executor is to "select the assets to be used to satisfy" the bequests to the marital trusts. The will provides, however, that the executor is not to use "any asset with respect to which no marital deduction would be allowed . . . if and to the extent there are other assets sufficient to satisfy this bequest."

The wife is the exclusive beneficiary of the exempt marital trust for and during her natural life. The remainder ultimately passes to the daughters. The will names the wife and Regions Bank as co-trustees of the trust. In this regard, it provides:

> Notwithstanding any other provision contained herein, the individual . . . trustee in office at any time shall vote all the stock of any non-publicly traded corporation held by any trust created by this will and shall make all decisions regarding the sale or other disposition of any such stock and the merger, consolidation or other reorganization of any such corporation, and the corporate trustee shall have no voice with respect to such matters.

The daughters want to sell Harrison Poultry, Inc., a private corporation founded by the testator in 1958, to diversify the estate's

---

[1] Funding the foundation with publicly traded securities avoids negative tax consequences.

[2] The exemption, or non-exemption, pertains to a generation-skipping transfer tax.

assets. The wife opposes the sale. She wants Harrison Poultry to be used to fund the exempt marital trust.

The daughters brought a declaratory judgment action to permit the sale of Harrison Poultry. The wife answered and counterclaimed, seeking an order directing the daughters to transfer Harrison Poultry to the marital trust, or, alternatively, to declare that the daughters cannot sell Harrison Poultry without the wife's consent.

On cross-motions for summary judgment, the superior court ruled in favor of the wife and against the daughters, holding that the will does not permit the daughters to sell Harrison Poultry unless necessary to pay obligations of the estate. In so doing, the superior court looked for guidance to the affidavit of Bruce A. Denning, the attorney who prepared the will. In his affidavit, Denning averred as follows:

> In our discussions, Mr. Harrison requested that the will provide that the bequest to The Luther & Susie Harrison Foundation, Inc. (the "Foundation") under his will be satisfied by his estate, to the extent possible, with marketable securities traded on a national exchange which he owned at his death, since he wished for the stock in Harrison Poultry, Inc. to pass to the marital trusts for the benefit of his wife created under the will and fully expected that the marketable securities he owned at his death would be sufficient to completely satisfy the bequest to the Foundation. Mr. Harrison also stated to me that, although the stock he owned in Harrison Poultry, Inc., could be sold by his estate in the event this was necessary to pay estate taxes (in the event his wife predeceased him) or to pay debts of his estate, he otherwise intended for that stock to pass to the marital trusts for the benefit of his wife created under the will (if she survived him) since he fully anticipated that the marketable securities in his estate would be sufficient to pay the Foundation the bequest made to it under the will.

> In my discussions with [Mr. Harrison] . . . regarding the preparation of his will, I noted that Mr. Harrison's then existing will gave the individual trustee or trustees of any trust created thereunder the power to vote all stock in any corporation held by such trust . . . with the corporate trustee having no say in those matters. I inquired whether Mr. Harrison wished for that provision to apply to all stock (including that in publicly traded corporations) held by such

trusts, or only to non-publicly traded stock held by such trusts. Mr. Harrison informed me that the individual trustee or trustees should have those rights, to the exclusion of the corporate trustee, only for non-publicly traded stock and suggested that the same provision in his new will simply refer to Harrison Poultry, Inc. by name. I reminded Mr. Harrison that he also owned all the stock of another non-publicly traded corporation, Harrison Stables, Inc., and might form other corporations in the future, so Mr. Harrison said to have the provision refer to stock in non-publicly traded corporations.

1. The cardinal rule of construction in any will case is to strive to ascertain the intention of the testator. *Kirby v. Citizens & Southern Nat. Bank,* 235 Ga. 205 (219 SE2d 112) (1975). If possible, the testator's intention should be gleaned from the four corners of the will itself. Id.; *Riser v. Trust Co. of Ga.,* 231 Ga. 155 (2) (200 SE2d 756) (1973).

In this case, the will gives the executor the powers set forth in OCGA § 53-12-232. That Code section includes the power

To sell, exchange, give options upon, partition, or otherwise dispose of any property or interest therein which the fiduciary may hold from time to time, with or without order of court, at public or private sale or otherwise, upon such terms and conditions, including credit, and for such consideration as the fiduciary shall deem advisable, and to transfer and convey the property or interest therein which is at the disposal of the fiduciary, in fee simple absolute or otherwise, free of all trust. . . .

OCGA § 53-12-232 (2). It also empowers the executor

(3) To invest and reinvest, as the fiduciary shall deem advisable, in common or preferred stocks, bonds, debentures, notes, mortgages, or other securities, in or outside the United States. . . .

(4) To make investments which cause a greater proportion of the total property held by the fiduciary to be invested in investments of one type or of one company than would be considered appropriate for the fiduciary apart from this paragraph;

(5) To the extent and upon such terms and conditions and for such periods of time as the fiduciary shall deem necessary or

advisable, to continue or participate in the operation of any business or other enterprise, whatever its form or organization, including, but not limited to, the power:

(A) To effect incorporation, dissolution, or other change in the form of the organization of the business or enterprise;

(B) To dispose of any interest therein or acquire the interest of others therein.

The wife asserts, and the superior court found, that this provision, empowering the executor broadly to sell or dispose of property of the estate, is in conflict with the marital trust provision, empowering the individual trustee to control the sale of any privately held corporation. In this regard, the wife posits that the power given to the individual trustee to control any privately owned corporation implies that the executor is required to fund the trust with a privately owned corporation, i.e., Harrison Poultry. We disagree.

The will makes it clear that the testator intended to fund The Luther & Susie Harrison Foundation with publicly traded stock to the extent possible. But the will is silent with respect to funding the exempt marital trust. True, the will states that the individual trustee is to vote all of the stock of any privately owned corporation held by the trust. But that provision only comes into play if and when a privately owned corporation is placed in the trust. It does not, in and of itself, require the executor to fund the marital trust with a non-publicly traded stock.[3] Thus, it does not conflict with, or place a limitation upon, the executor's power to fund the marital trust with the assets she deems advisable.

If the testator wanted to require the executor to fund the marital trust with Harrison Poultry, he could have so specified. But in the absence of such specifics, the executor is vested with power to sell the assets of the estate — including Harrison Poultry. Compare OCGA § 53-12-232 with *Calbeck v. Herrington*, 169 Ga. 869, 875 (152 SE 53) (1930) (executrix cannot sell testator's home place which was devised expressly to testator's daughter if there are no debts of testator to be paid). The superior court erred in ruling otherwise and in granting wife's motion for summary judgment.

2. Where the terms of a will are plain and unambiguous, they must control. Parol evidence cannot be used to contradict or give new

---

[3] Even if it can be said that the trust provision demonstrates that the testator did intend to fund the exempt marital trust with a privately owned corporation, the question remains: which privately owned corporation – Harrison Poultry or Harrison Stables?

meaning to that which is expressed clearly in the will. *Hall v. Beecher*, 225 Ga. 354, 356 (168 SE2d 581) (1969). Because the will empowers the executor to sell assets of the estate and does not require the executor to fund the exempt marital trust with Harrison Poultry (or any other privately held corporation), the affidavit of the attorney who prepared the will cannot be used to shed light upon the intent of the testator. Id.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 12, 2004.

*Haygood & Pruett, Michael C. Pruett, Powell, Goldstein, Frazer & Murphy, William J. Linkous, Jr., Nicole J. Wade*, for appellants.

*Alston & Bird, John C. Sawyer, Jay D. Bennett, Russell, Stell, Smith & McLocklin, John E. Stell, Jr., Stewart, Melvin & Frost, J. C. Highsmith, Jr.*, for appellees.