S08A0909. RICE et al. v. PAGER et al.

(663 SE2d 172)

CARLEY, Justice.

Margaret Louise Rice (Testatrix) died in 2003, and was survived by her husband Kenneth Malcolm Rice (Appellant) and by children from each of their former marriages. Testatrix's will established a credit shelter trust and a residuary trust, and named Appellant and

her son Bradford L. Pager (Appellee) as co-trustees of each trust. Subsequent to the probate of the will, Appellant as executor transferred a 75% interest in certain real property (hereinafter "Lake House") into the credit shelter trust and the remaining 25% interest into the residuary trust. In 2007, Appellant entered into a contract to sell the Lake House and requested Appellee to execute the necessary closing documents, but Appellee refused to do so. Appellant, individually and in his capacity as co-trustee of the two trusts, filed a petition against Appellee, individually and as co-trustee, to compel him to perform his duties as co-trustee by executing the closing documents. In his answer, Appellee counterclaimed for declaratory judgment, seeking a ruling that the will does not give Appellant the authority to direct the co-trustees to sell the Lake House.

On cross-motions for summary judgment, the trial court held that Item 6 (E) of the will unambiguously carves the Lake House out from the property of the credit shelter trust and gives Appellee the option to receive it 7.5 years after Appellant's death. The trial court further held that, applying Georgia's rules of construction, Items 6 (K) and 7 (J), which permit Appellant to direct the trustees to sell any "home" held by the trusts, do not apply to the Lake House, which can only be sold during Appellant's lifetime under those provisions that allow the trustees to encroach upon the principal if they agree that the sale is necessary to provide for Appellant. Accordingly, the trial court granted summary judgment in favor of Appellee and denied Appellant's motion for summary judgment. Appellant appeals from this order.

Item 6 (E) is the only provision in the will which deals specifically with the Lake House. That provision gives Appellee two alternatives for distribution of trust property after the death of Appellant. The first alternative does not call the Lake House by that name, but rather identifies it as "real property," including a legal description, and states that, at Testatrix's death, it "shall pass to my Trustee." Item 6 (E) then states the following:

> My trustee shall hold said real property in trust for the benefit of [Appellee] for seven and one-half years from the latter of my spouse's or my death. During this time period, my Trustee shall hold said real property for the benefit and enjoyment of [Appellee].

"The will leaves the [Testatrix's] property to a trustee, but the intervention of a trustee does not prevent application of the usual rules of construction, just as if the property had been devised in the form of legal estate. [Cits.]" *Lane v. C & S Nat. Bank*, 195 Ga. 828, 833 (1) (25 SE2d 800) (1943). See also *Barnes v. NationsBank*, 267

Ga. 234, 235 (476 SE2d 563) (1996).

The mandatory language of the first distribution alternative in Item 6 (E) and its application to a specific part of the corpus indicates that any discretion to sell that particular property cannot be absolute. See *Henderson v. Collins*, 245 Ga. 776, 779 (2) (267 SE2d 202) (1980). As noted, Items 6 (K) and 7 (J) deal with the general category of "any home" held or acquired by the trustee. Assuming that the Lake House may be described as a home, construing Items 6 (K) and 7 (J) so as to give Appellant alone the authority to sell it would be inconsistent with the requirement that that particular property be held in trust for Appellee subject to his election. The only reasonable construction of Items 6 (K) and 7 (J) is that Testatrix intended to give Appellant absolute authority to direct the sale of any home which was not already the specific subject of a mandatory distribution elsewhere in the will. *Jordan v. Middleton*, 220 Ga. 903, 907 (1) (142 SE2d 806) (1965). Moreover,

> an estate granted in plain and unequivocal language in one item of a will can not be lessened or cut down by a subsequent item, unless the language therein is as clear, plain, and unequivocal as that in the former item. [Cits.] This court has adopted this canon of construction. [Cit.]

*Moore v. Cook*, 153 Ga. 840, 843-844 (113 SE 526) (1922). Since the intervention of a trust does not change the rules of construction, the specific grant of the Lake House by the plain, mandatory language of Item 6 (E) should not be lessened by the far less clear and more general limitation in Items 6 (K) and 7 (J).

Appellant alternatively relies on parol evidence regarding the knowledge and intention of Testatrix. However, " '[p]arol evidence is not admissible to show that the [Testatrix] meant one thing when [s]he said another.' " *Hall v. Beecher*, 225 Ga. 354, 357 (168 SE2d 581) (1969). Parol evidence is admissible only when "the rules of construction . . . failed to enlighten the Court as to the meaning of the [will], and this, whether the ambiguity was latent or patent." *Hill v. Felton*, 47 Ga. 455, 465 (1872). Where, as here, " 'the terms of a will when legally construed are plain and unambiguous, parol evidence can not be received for the purpose of showing an intention contrary to that which the language when properly construed necessitates.' [Cits.]" *Hall v. Beecher*, supra.

Accordingly, the trial court correctly granted summary judgment in favor of Appellee.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Caldwell & Watson, Cullen C. Wilkerson, Bridget B. James,* for appellants.

*Gaslowitz Frankel, Adam R. Gaslowitz, Craig M. Frankel, LeAnne M. Gilbert, Brian M. Deutsch,* for appellees.