**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**November 15, 2023**

# In the Court of Appeals of Georgia

A23A1222. DAVIS v. THE ESTATE OF JAMES LESLIE
    McCLAIN III.

FULLER, Senior Judge.

In this declaratory judgment action, Perran L. Davis III, the executor of the

estate of James Leslie McClain Jr., ("McClain Jr.") appeals from the trial court's

order granting summary judgment in favor of the administrator of the estate of James

Leslie McClain III ("McClain III").[1] The parties dispute the meaning of a provision

in McClain Jr.'s will. Specifically, Davis contends that the trial court erred in

construing the will as creating a tenancy in common rather than a joint tenancy with

---

[1] The action was filed by Wade Boswell, who was succeeded as Administrator
of McClain III's will by Gail Crawley. For ease of reading, we refer simply to the
Administrator.

right of survivorship. Davis also asserts that the trial court erred in failing to consider parol evidence. For reasons that follow, we affirm.

The relevant facts show that McClain Jr. died in 2015. The day before he died, McClain Jr. executed a handwritten will bequeathing certain property to his son, McClain III, and to Davis, whom he considered to be his son. The will provides:

> I bequeath joint ownership of my property at 1169 Wolfskin Road[,] Arnoldsville, Georgia 30619 to my two sons. This includes joint ownership of all contents, the house, property, etc. The property cannot be sold without written consent of both properties [sic] (James Leslie McClain III and Perran Lewis Davis III).

McClain Jr.'s will ("the will") was submitted for probate in Oglethorpe County, Georgia. The status of the probate proceedings is unclear from the record.

In August 2016, McClain III died, and his estate was submitted to probate in Tennessee.[2] Thereafter, the Administrator of McClain III's estate filed this declaratory judgment action in Georgia naming Davis as the defendant.[3] The Administrator alleged that, under the terms of the will, McClain III's estate was

---

[2] McClain III died intestate, leaving one minor son.

[3] Davis was named in both his capacity as executor and beneficiary of McClain Jr.'s estate.

entitled to receive one-half the value of the real property located on Wolfskin Road. Davis, on the other hand, maintained that the will conveyed the Wolfskin Road property as a joint tenancy with right of survivorship. According to Davis, following McClain III's death, he – as the only surviving joint tenant under the will – was the sole owner of the property.

The parties filed cross-motions for summary judgment. Following a hearing, the trial court found in favor of the Administrator, concluding that the will did not use the requisite language to create a joint tenancy with right of survivorship, and, therefore, created a tenancy in common. Davis appeals this ruling.

1. "The construction of a will is a question of law for the court. The cardinal rule for construing wills is to ascertain and give effect to the testator's intent." *Kale v. Wilson*, 284 Ga. 536, 537 (668 SE2d 729) (2008) (citation and punctuation omitted). "The court must look first to the 'four corners' of the will to discover that intent. Where the language of a will is clear and can be given legal effect as it stands, the court will not, by construction, give the will a different effect." *Hood v. Todd*, 287 Ga. 164, 166 (695 SE2d 31) (2010) (citation and punctuation omitted).

Joint tenancy with right of survivorship – as a common law doctrine – was abolished in this State in 1777. See *Williams v. Studstill*, 251 Ga. 466, 467 (306 SE2d

3

633) (1983). Thereafter, all estates were held to be tenancies in common. See id. In 1976, however, legislation was passed permitting the creation of a joint tenancy. See id. at 466 n.2; *Cahill v. United States*, 303 Ga. 148, 149 (810 SE2d 480) (2018). That law is codified as OCGA § 44-6-190, which provides "a word-by-word method of creating a joint tenancy with right of survivorship." *Cahill*, 303 Ga. at 149. Relevant to this appeal, OCGA § 44-6-190 (a) provides:

> (2) Any instrument of title in favor of two or more persons shall be construed to create interests in common without survivorship between or among the owners unless the instrument expressly refers to the takers as "joint tenants," "joint tenants and not as tenants in common," or "joint tenants with survivorship" or as taking "jointly with survivorship." (3) Any instrument of title using one of the forms of expression referred to in paragraph (2) of this subsection or language *essentially the same* as one of these forms of expression shall create a joint tenancy estate or interest that may be severed as to the interest of any owner by the recording of an instrument which results in his or her lifetime transfer of all or a part of his or her interest; provided, however, that, if all persons owning joint tenant interests in a property join in the same recorded lifetime transfer, no severance shall occur.

There is no case law interpreting the phrase "essentially the same" regarding the language necessary to create a joint tenancy with right of survivorship. Accordingly, we are called upon to interpret the statute. In so doing, we "presume that

4

the General Assembly meant what it said and said what it meant." *iHeartMedia, Inc. v. Sheridan*, 300 Ga. 771, 772 (798 SE2d 223) (2017) (punctuation omitted). We thus afford the statutory text its plain and ordinary meaning. See id.

A plain reading of OCGA § 44-6-190 makes clear two things: (1) the law presumes the creation of a tenancy in common; and (2) a conveyance will not be construed as creating a joint tenancy with right of survivorship absent express language conveying such a property interest. See *Studstill*, 251 Ga. at 468 ("In Georgia the mere creation of the estate in two or more persons never draws to it survivorship as an incident, and the presumption is in all cases that survivorship was not intended. But where by express terms or necessary implication a survivorship is provided for, the law of Georgia allows it to exist. This rule has been followed consistently by this court and the Court of Appeals.") (punctuation omitted).

Here, it is undisputed that the will does not include the language "joint tenants," "joint tenants and not as tenants in common," "joint tenants with survivorship," or refer to McClain III and Davis as "taking jointly with survivorship." According to Davis, the use of the phrase "joint ownership" is essentially the same. The trial court rejected this argument, noting that "joint ownership" is an aspect of tenancy in common and thus cannot support an inference that the bequest created a

5

joint tenancy. We agree with the trial court. Where, as here, the will neither uses the phrase "joint tenants" nor employs any language pertaining to survivorship, we will not construe the document as creating a joint tenancy.

The arguments raised by Davis do not convince us otherwise. Davis contends that we should look to the will as a whole in construing the "joint ownership" language. In other clauses of the will, McClain Jr. used words other than "joint ownership" to convey property. One provision bequeathed property to McClain III and Davis "equally" and another provision bequeathed property to "both" McClain III and Davis. According to Davis, the fact that McClain Jr. used the word "joint" to bequeath the Wolfskin Road property shows that he intended to convey that property in a different manner. But the fact that McClain Jr. used different terms elsewhere in the will does not change our basic inquiry; we still must ascertain whether the will demonstrated McClain Jr.'s intent to convey the Wolfskin Road property as a joint tenancy with right of survivorship. It did not. McClain Jr.'s use of the word "joint" – without more – is insufficient in this regard.

In a related argument, Davis points to the fact that, under the will, the Wolfskin Road property could not be sold without the written consent of both property owners. According to Davis, this language demonstrates McClain Jr.'s intent to convey the

6

property as a joint tenancy with right of survivorship. This argument is not well-articulated; Davis simply notes that "[a] joint tenancy, unlike a tenancy in common, is not subject to partition under OCGA § 44-6-160."[4] In other words, as best we can discern, Davis equates partition to sale. But the words are not synonymous. See Black's Law Dictionary (11th ed. 2019) (defining the word "partition" as "[t]he act of dividing" and "sale" as "[t]he transfer of property or title for a price"). Although the will proscribes unilateral sale, it is silent on partition. Under these circumstances, we fail to see how McClain Jr.'s limitation on the sale of the Wolfskin Road property supports an inference regarding survivorship.

Finally, Davis argues that we should construe the conveyance as creating a joint tenancy with right of survivorship because the will "satisfie[d] the Four Unities Test." Historically, the common law required the unities of time, title, interest and

---

[4] OCGA § 44-6-160, which governs statutory partition, provides: "When two or more persons are common owners of lands and tenements, whether by descent, purchase, or otherwise, and no provision is made, by will or otherwise, as to how such lands and tenements shall be divided, any one of such common owners may apply by petition to the superior court of the county in which such lands and tenements are located for a writ of partition which shall set forth plainly and distinctly the facts and circumstances of the case, shall describe the premises to be partitioned, and shall define the share and interest of each of the parties therein. When the lands in question constitute a single tract situated in more than one county, the application may be made to the superior court of any of such counties." Under OCGA § 44-6-140, a party alternatively may seek equitable partition.

possession to create a joint tenancy. See *Commercial Banking Co. v. Spurlock*, 238 Ga. 123, 124 (231 SE2d 748) (1977). Again, this common law doctrine has been abolished. See *Studstill*, 251 Ga. at 467. Under these circumstances, satisfaction of the four unities does not create a joint tenancy. See *Spurlock v. Commercial Banking Co.*, 138 Ga. App. 892, 896 (I) (B) (227 SE2d 790) (1976) (noting that common law "joint tenancies are prohibited in this State"), affirmed sub nom. *Commercial Banking Co. v. Spurlock*, 238 Ga. at 124-125 (holding that Court of Appeals properly rejected common law joint tenancy arguments premised on the four unities). Because the will does not contain the requisite language for creating a joint tenancy with right of survivorship under OCGA § 44-6-190, the trial court properly construed it as creating a tenancy in common.

2. Davis also contends that the trial court erred in granting judgment as a matter of law without first considering whether the will was ambiguous such that parol evidence should be admissible to aid in its construction. See *Rice v. Pager*, 284 Ga. 87, 89 (663 SE2d 172) (2008) (parol evidence may be admitted when the terms of a will are ambiguous). Here, however, no parol evidence was presented to the trial court. Indeed, Davis represented both in his motion for summary judgment and at the

8

hearing that the issue to be decided was one of law, and the trial court treated it as such.

> It is a well-settled appellate rule that one cannot complain about a ruling of the trial court which the party's own trial tactics or conduct procured or aided in causing. A party cannot now complain of a result he aided in causing, because induced error is not an appropriate basis for claiming prejudice.

*Gwinnett Community Bank v. Arlington Capital, LLC*, 326 Ga. App. 710, 719 (2) (a) (i) (757 SE2d 239) (2014) (citation and punctuation omitted). Having presented the issue to the trial court as an issue of law – and having failed to present any parol evidence – Davis cannot now complain that the trial court erred in ruling without first considering parol evidence.

*Judgment affirmed. Doyle, P. J., and Gobeil, J., concur*.