ERWIN *et al. v.* SMITH.

Where the terms of a will are plain and unambiguous, they cannot be varied or explained by parol evidence showing an intention on the part of the testator at variance with that expressed in the will itself.

March 25, 1895.  Brought forward from the last term.  Code, §4271(a-c).

Appeal.  Before M. L. SMITH, judge *pro hac vice.* Union superior court.  April term, 1894.

W. E. CANDLER and M. G. BOYD, for plaintiffs.
JOHN B. ESTES, for defendant.

LUMPKIN, Justice.

It is now too well settled to require argument or the citation of authority, that where the terms of a will are plain and unambiguous, they must control, and that parol evidence cannot be received to give the will a meaning different from that which is clearly and unequivocally expressed therein. While it is true that the cardinal rule for the construction of wills requires that the intention of the testator should be ascertained and enforced, and that in so doing parol evidence may be resorted to when the language of the will is doubtful or uncertain, there is no room for construction when the meaning of the words used in the will is so plain and obvious that it cannot be misunderstood. This is true although they may express a meaning entirely at variance with the real intention of the testator. For instance, a legacy to the sons of a testator's daughter could not be changed into a legacy to the daughters of a testator's son, although he had grandchildren of both classes and a hundred witnesses were offered to prove he really meant the legacy for the latter instead of the former, as declared in the will itself.

The controversy in the present case arose upon a dispute among the legatees of R. H. Erwin. All of them

except Mrs. C. M. Smith contended that, under the testator's will, she was bound to pay or account for the indebtedness of her deceased husband, S. J. Smith, to the testator, amounting to more than $1,200.00, before she would be entitled to receive any further legacy or share from the estate.　She, on the other hand, contended she was not bound to settle any such indebtedness, and was entitled to her full share under the will without any diminution on this account.　The following is the only portion of the will material to be considered in determining the issue thus made:

"Item 4. I give and bequeath to my beloved children, to wit: Catherine M. Smith, Huston A. Erwin, James C. Erwin, William W. Erwin, Mary Ann E. Smith, John S. Erwin (excepting my beloved daughter Sarah E. Major, who is provided for in Item 5th of this will, that being all I intend for her to have out of my estate), all of my property, both real and personal, share and share alike, each and all, in a final settlement with my executors, Joseph Reid and Carlton J. Wellborn, accounting for all advancements that they have received from me in my lifetime, either by notes or accounts, with the express understanding that the statute of limitations is not to affect in any way any claim I have and hold against any of my heirs at law, intending that they all (except my daughter Sarah E. Major) shall share equally in my estate."

It will be observed that the testator required his children named in this item to account for all advancements they had received from him, but there is not a single word requiring any of them to account for any advancement or loan he had made to any other person.　The name of the deceased son-in-law, S. J. Smith, is not used in this connection, nor is there any language which could possibly be construed as being intended to designate him.　It was insisted, however, and much evidence was introduced tending to show, that the testator really intended that his daughter, Mrs. Smith, should account

for certain money he had loaned her husband, and for which the latter had given notes that had become barred by the statute of limitations at the time the will was executed. There is very strong reason to believe that this is the real truth of the case; but the evidence just mentioned ought never to have been received at all. Notwithstanding the fact that it was admitted, the jury properly found in favor of Mrs. Smith. Indeed, this was the only outcome of the case legally possible. It is therefore unnecessary to deal with the specific points made in the motion for a new trial. The verdict was right beyond all question, and the court did not err in refusing to set it aside.          *Judgment affirmed.*