BANK OF STATESBORO *et al.,* executors, *v.* SIMMONS,
guardian.

1. The gift in a will of "my mercantile business, including stock of merchandise, notes, accounts, and fixtures, located at Metter, Georgia," is a specific legacy, though it is given "subject to conditions" set forth in the will, but the only condition affecting the gift is for the continuation of the business for a stated period by the executors after testator's death.
2. The "mercantile business" here referred to was not incorporated. Consequently, debts contracted for the purchase of goods and merchandise for resale in such mercantile business were debts of the owner of that business and of his estate after his death; and the debts which had been contracted for goods prior to the death of the testator were debts of his estate; and the specific legacy referred to above would not be diminished to pay these debts, but they should be paid out of the residuum if sufficient, or out of the residuum and general legacies if the residuum of the estate alone is not sufficient.
3. Applying the foregoing principles to the facts of this case, the judge did not err in directing the verdict complained of.

No. 5743.    OCTOBER 1, 1927.

Equitable petition. Before Judge Strange. Bulloch superior court. November 20, 1926.

Paul Simmons, as guardian for Mary Elizabeth Simmons, brought suit against the Bank of Statesboro as executor, and Mrs. Lula Grimes as executrix of the will of R. Simmons, for the recovery of the sum of $5893.67, and for construction of the will. Item 1 of the will reads as follows: "It is my will that my executors, as soon as possible after my death, shall pay all my just debts." Item 5 is in the following language: "To my grandchild, Mary Elizabeth Simmons, I give and bequeath all my real estate in Candler County, Georgia, together with my farm in Bulloch County, Georgia, known as the Tom Moore place, containing 377 acres, more or less, and also, subject to conditions hereinafter set forth, my mercantile business, including stock of merchandise, notes, accounts, and fixtures, located at Metter, Georgia." Item 8 is as follows: "It is my will that the business of R. Simmons Company at Statesboro and my mercantile business at Metter be continued, subject to the conditions herein set forth, for a period of ten years from the date of my death, unless sooner terminated as herein provided. However, my executors are authorized to

Wills, 40 Cyc. p. 995, n. 16; p. 1658, n. 43; p. 1869, n. 62; p. 2061, n. 43; p. 2067, n. 98; p. 2068, n. 3.

liquidate either or both of said businesses sooner than the period named, in event both of said executors so decide from good and sufficient cause to them appearing. In the conduct of either business if corporated, my executors are authorized to vote stock owned by my estate, as fully as I could were I alive." It was alleged that as guardian the plaintiff is entitled to the "custody, possession, and control" of all the property specified in item 5 of the will; that defendants had turned over to petitioner as guardian all the property specified in item 5, except the sum of $5893.67 in cash, which had been paid by the executors to the creditors of R. Simmons's estate; that the executors before turning over to plaintiff as guardian the property devised and bequeathed in item 5, deducted from the property, or from the proceeds of the sale of the property specified in that item, this sum of $5893.67, and turned over to petitioner the balance; and that the $5893.67, so paid out, should have been paid out of the residuum of the estate, and should not have been deducted from the property or the proceeds of the sale of the property specified in item 5.

The defendants answered, and, among other matters set up, they alleged that at the time of the death of the testator the mercantile business at Metter was actively engaged in buying and selling goods, wares, and merchandise, and under the authority given by the will after the death of Simmons the business was conducted by defendants, goods having been purchased and sold and collections made during that period, the aggregate being several thousand dollars. The indebtedness due by the business having been paid, and plaintiff having qualified as guardian by giving bond under the terms of the will, and having obtained an order from the court of ordinary of Bulloch County, where the administration was had, authorizing and directing that the business be turned over to him as guardian, the same, consisting of all assets of the business, except such as had been converted into cash and applied to the indebtedness of said mercantile business, was by defendants turned over and delivered to plaintiff; that under the terms of the will, "the mercantile business" having been given and bequeathed to plaintiff's ward, and not the merchandise and other property, and authority having been given defendants to operate the business, it was proper for the executors to pay any and all accounts due by the business for merchandise from the proceeds of the same; and that they

·were neither required nor permitted to pay such indebtedness from the funds and property left to other beneficiaries under the will.

The court directed a verdict for the plaintiff against the defendants for·the principal sum sued for, with interest. The defendants' motion for new trial was overruled, and they excepted.

*Howell Cone,* for plaintiffs in error. *Fred T. Lanier,* contra.

PER CURIAM. The Justices of this court are divided in opinion upon the controlling questions in this case. The following represents the views of the majority. We are of the opinion that the court properly directed the verdict for the plaintiff. It is not controverted that the principal sum sued for, $5893.67, constituted items of the indebtedness of R. Simmons, the testator, prior to the time of his death. His estate was solvent. The legacies devised and bequeathed in item 5 of the will to Mary Elizabeth Simmons were specific legacies. The first devise is of certain lands; the second is described in the will as "my mercantile business, including stock of merchandise, notes, accounts, and fixtures, located at Metter, Georgia." The last bequest, by the terms of item 5, is "subject to the conditions hereinafter set forth." In item 8 provision is made for the continuation of the mercantile business at Metter for a period of ten years from the date of testator's death, unless sooner terminated. The business was in fact wound up in a few months after testator's death. It may be that for goods purchased after the death of testator, for the continuation of the business at Metter, the proceeds of the sale of the merchandise and the collections of notes that were given for purchases made after the death could have been applied to the payment of goods so purchased. But such proceeds—that is from the sale of goods, etc., after the death of the testator could not be applied to the debt or debts contracted by the testator prior to his death, though such debts were wholly or in part for goods and merchandise that went into the business at Metter. In the Civil Code, § 3912, it is provided: "Unless otherwise directed, the debts of a testator should be paid out of the residuum." It is not contested that the estate of R. Simmons was solvent, and the defendants do not contend that the debts of the estate could not have been paid out of the residuum and the general legacies. It follows that the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. All the Justices concur, except Atkinson and Hines, JJ., who dissent, and Hill, J., absent.*

ATKINSON and HINES, JJ.    Upon a proper construction of the will as a whole in the light of the evidence as to the character of the business conducted by the testator, the devise to the testator's granddaughter set out in item 5, "my mercantile business, including stock of merchandise, notes, accounts, and fixtures, located at Metter, Georgia," was a devise of that property subject to the outstanding debts owed by the testator at the time of his death, contracted for and on account of that branch of the testator's business.