## 49438. SCHERIDAN v. SCHERIDAN.

STOLZ, Judge.

Glen Cherry died, leaving a will naming merely "Boyd E. Scheridan," without further description, as executor and sole beneficiary. The testator's stepson (appellee) filed for probation. The propounder's son (appellant) filed a caveat, alleging that he is the party designated by the will as executor and sole beneficiary. The ordinary dismissed the caveat and the superior court directed a verdict for the propounder. The caveator's appeal to the Supreme Court was transferred to this court. *Scheridan v. Scheridan,* 231 Ga. 729 (204 SE2d 294).

1. As was stated in *Scheridan,* supra, "There is evidence in the record to indicate that the name given to the appellant at birth was Boyd Everett Scheridan, but that he is also known as Boyd Everett Merrifield. There is also evidence in the record that the name given to appellee at birth was Boyd E. Scherden, but that he is also known as Boyd E. Scheridan."

The will contained a latent ambiguity as to which of the above two persons, purporting to have the name designated in the will as the executor and sole beneficiary, the testator intended to make the object of his bounty. In this situation, parol evidence of all of the facts and circumstances respecting persons and property to which the will relates are admissible as legitimate evidence to show the intention and application of the words used. Code § 113-807; *Wiley v. Smith,* 3 Ga. 551, 557; *Billingslea v. Moore,* 14 Ga. 370 (3); *Walker v. Wells,* 25 Ga. 141; *Burge v. Hamilton,* 72 Ga. 568 (2a, d) (involving the issue of probate, which is here involved); 95 CJS 924, 925, Wills, § 367; 57 AmJur 681, 689, Wills, §§ 1050, 1067.

2. In cases of latent ambiguity in a will, parol evidence of the language or declarations of the testator is admissible (as an exception to the rule excluding hearsay evidence) to show his real meaning. *Billingslea v. Moore,* 14 Ga. 370, supra, p. 375; *Doyal v. Smith,* 28 Ga. 262; *Patterson v. Hicky,* 32 Ga. 156; *Elder v. Ogletree,* 36 Ga. 64; *Hill v. Felton,* 47 Ga. 455, 469; *McElrath v. Haley,* 48 Ga. 641; *Cheney v. Selman,* 71 Ga. 384; *Rogers v.*

*Rogers,* 78 Ga. 688 (3 SE 451). Accordingly, the trial judge erred in excluding evidence of an alleged conversation between the testator and the propounder concerning certain property and an alleged declaration of the testator regarding the propounder at the time of the death of the testator's wife, both of which being offered to prove the deterioration of the relationship between the testator and the propounder to the point of open hostility less than 90 days from the time when the will in question was executed but prior thereto. Furthermore, the propounder's extra-judicial statements were admissible to impeach his contradictory testimony as to his relationship with the testator. *Sims v. Hoff,* 106 Ga. App. 626 (1b) (127 SE2d 679).

3. The trial judge erred in directing the verdict in favor of the propounder, since there was a conflict in the evidence, Code Ann. § 110-104, and since the judge erroneously excluded admissible and material evidence offered on behalf of the plaintiff. *Thompson v. Central of Ga. R. Co.,* 102 Ga. App. 5 (2) (115 SE2d 471). There was evidence, for example, that the relationship of the testator to the propounder had grown steadily worse *prior* to the execution of the will, but that he had grown closer to the caveator at this time; that the testator had expressed an intention to "take care of" the caveator; that the testator's previous will described the beneficiary named as "my step-son," which was omitted in the present will; that a month before the will was executed, the testator had the caveator show him his birth certificate and an Air Force document showing that his given name was "Boyd E. Scheridan," telling the caveator to remember what his "true legal name" is when the testator dies; and that the testator was aware that the propounder's original surname was Scherden, rather than Scheridan.

*Judgment reversed. Eberhardt, P. J., and Deen, J., concur.*

Argued May 29, 1974 — Decided June 21, 1974.

*Manning, Read & Richardson, Curtis R. Richardson,* for appellant.

*Weekes, Candler & Sams, Gary M. Sams, Robert Walling,* for appellee.