S04A1125. HARGROVE et al. v. RICH et al.

(604 SE2d 475)

HUNSTEIN, Justice.

In her last will and testament, Cecil H. Rich, the mother of Frances Rich and appellee Jack Rich, granted a power of appointment over one-fourth of her estate to Frances by providing in Item III (B):

> [Frances] shall have the power at any time and from time to time, by instrument in writing signed by her and delivered to the Trustees, or at death by her Last Will and Testament, making express reference to this power, to direct the Trustees to turn over any part or all of the property in this Trust to her brothers or sisters or her nieces and nephews, or descendants of deceased nieces and nephews, and in such manner, in Trust or otherwise, as [Frances Rich] may in such instrument direct or appoint, provided that she shall have no power to appoint such property to herself, to her estate, to her creditors or the creditors of her estate.

In her will Frances exercised the power of appointment in favor of her niece, appellant Hargrove, to the exclusion of other nieces and nephews. Frances's will specifically referred to the power of appointment in Item III (B) of her mother's will as follows:

> It is specifically my intent to exercise that certain power of appointment granted to me pursuant to Item III (B) (4) of the

Last Will and Testament of Cecil H. Rich in favor of Frances Ann Hargrove.

Jack Rich filed a declaratory judgment action claiming an interest in the trust property his sister attempted to transfer to Hargrove on the ground that the power of appointment granted by his mother's will did not permit the exclusive transfer of the entire gift corpus to Hargrove. He also contended that the method by which Frances attempted to exercise the power of appointment was ineffective because she failed to direct the transfer in the manner specified in the power. The trial court entered declaratory judgment in favor of Jack Rich finding that the language in Frances's will was ineffective to exercise the power of appointment to Hargrove because (1) it did not follow the specific requirements of Cecil H. Rich's will requiring Frances to direct the trustees to turn over any part or all of the property in this trust, and (2) it improperly excluded all other nieces and nephews contrary to the express intention of Cecil H. Rich. For the reasons that follow, we affirm.

1. The sole question on appeal is whether the quoted language in Frances's will was a valid and effective exercise of the power of appointment reposed in her by Item III (B) of Cecil H. Rich's will. Under Georgia law, a power of appointment can be exercised only in the manner specified by the donor. *Metropolitan Life Ins. Co. v. Hall*, 191 Ga. 294 (4) (12 SE2d 53) (1940). At the same time,

> [t]he donee of a power may execute it without expressly referring to it, or taking any notice of it, provided that it is apparent from the whole instrument that it was intended as an execution of the power. The execution of the power, however, must show that it was intended to be such execution; for if it is uncertain whether the act was intended to be an execution of the power, it will not be construed as an execution. The intention to execute a power will sufficiently appear — (1) when there is some reference to the power in the instrument of execution; (2) where there is a reference to the property which is the subject matter on which execution of the power is to operate; and (3) where the instrument of execution would have no operation, but would be utterly insensible and absurd, if it was not the execution of a power. [Cits.]

*May v. Citizens & Southern Bank of LaGrange*, 223 Ga. 614, 615 (157 SE2d 279) (1967). Applying the above principles, we find that pursuant to the unambiguous language of Cecil H. Rich's will, Frances was authorized to exercise the power of appointment granted to her

either during her life by instrument signed by her and delivered to the trustees or upon her death, by including in her will language making express reference to the power. Accordingly, the language in Frances Rich's will stating her specific intent to exercise the power of appointment granted to her under Item III (B) of the will of Cecil H. Rich was sufficient to exercise the power of appointment.

We cannot agree with the trial court that the language of Item III (B) imposed upon Frances a more formal requirement that she "direct" the trustees to turn over the property. A review of the language of Item III (B) demonstrates that the donor created a power of appointment authorizing Frances to direct the trustees to turn over any part or all of the trust property and prescribed specific formalities for the exercise of such power. The power granted by the donor was the power to direct the trustees and the method of direction was specifically restricted by the donor to the creation of an instrument in writing signed by Frances and delivered to the trustees or via language in her last will and testament making express reference to the power. To require a different or more formal method of communication would impermissibly expand or alter the formalities imposed by the donor. See *Regents of Univ. System v. Trust Co. of Ga.*, 186 Ga. 498, 505 (198 SE 345) (1938) (power cannot be extended beyond express terms and donor's clear intention).

2. Although we hold that the language of Frances's will was sufficient to exercise the power of appointment, we nevertheless agree with the trial court that Frances did not have the authority to exercise the power of appointment in favor of only one niece. Where a power of appointment is limited to the nomination of certain persons from a class or from persons named or indicated by the donor, the selection of outsiders cannot be sustained as a valid exercise of the power. *Grayson v. Germania Bank*, 140 Ga. 467, 475 (79 SE 124) (1913). "Powers are to be construed in accordance with the intention of the donor or grantor, as determined under the rules relating to the construction of instruments generally." *Trust Co.*, supra, 186 Ga. at 505 (quoting 49 C.J. 1260, § 34). Under the plain language of Item III (B) Frances had only limited authority to exercise the power in favor of "her brothers or sisters or her nieces *and* nephews, or descendants of deceased nieces and nephews." The donor's use of the conjunctive "and" in the phrase "nieces and nephews" indicates her intent to limit the power of appointment to preclude Frances from exercising the power in favor of one niece to the exclusion of other nieces and nephews. This intent is further evident when looking at the document as a whole. In an almost identical provision granting a power of appointment to her son R.L. Rich, Jr., Cecil H. Rich granted him the express power to exercise the power "to or among such of his children . . . ." The absence of such language in Item III (B) demonstrates

the donor's intent to place additional limitations on the permissible beneficiaries under that provision. Inasmuch as the donee of a power can do only what she is empowered to do, id. at 506, Frances was without authority to exercise the power of appointment solely in favor of Hargrove.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 25, 2004.

*James, Bates, Pope & Spivey, Thomas C. James III*, for appellants.

*Ralph F. Simpson, Hall & Williamson, Michael C. Hall*, for appellees.