**WHOLE COURT**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.** **http://www.gaappeals.us/rules/**

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0537. SIMMONS et al. v. ENGLAND, executrix.

McFADDEN, Judge.

This action was brought against the executrix of a will by two named beneficiaries. Those beneficiaries, who were the testator's employees, now appeal from the superior court's determination that, since the testator's business was a sole proprietorship at the time of his death, there was no "business property" to be distributed to them pursuant to the will.

The appeal was initially filed in our Supreme Court. That court determined that the question on appeal is whether the estate contains "business property," not the validity or meaning of the will. So it transferred the case to us.[1]

---

[1] In answering that question we are, of course, deciding the meaning of the will. It is entirely proper that we do so, notwithstanding that "all cases involving wills" fall within our Supreme Court's general appellate jurisdiction, Ga. Const. 1983, Art. VI,

Plainly there is such property. And as to that property, the intention of the

---

Sec. VI, Par. III (3); see also *In re Estate of Lott*, 251 Ga. 461 (306 SE2d 920) (1983) (construing that clause to encompass "those cases in which the will's validity or meaning is in question"),

Our Supreme Court has determined that, where an issue within the general appellate jurisdiction conferred on it by Ga. Const. 1983, Art. VI, Sec. VI, Par. III is "merely ancillary" to issues within the appellate jurisdiction of this court, the case should be decided in this court. *Saxton v. Coastal Dialysis and Medical Clinic*, 267 Ga. 177, 179 (476 SE2d 587) (1996) (addressing equity jurisdiction).

Once our Supreme Court has determined that an issue within its general appellate jurisdiction is merely ancillary, it is not our role to challenge that determination. *Troutman v. Troutman,* 297 Ga. App. 62, n. 1 (676 SE2d 787) (2009). We must abide by the decisions of our Supreme Court.

Abiding by our Supreme Court's decision to transfer a case entails deciding the issues it has found to be ancillary. A different rule may obtain as to issues within the Supreme Court's exclusive appellate jurisdiction, which are arguably outside our institutional competence. See Ga. Const. 1983, Art. VI, Sec. VI, Par. II (assigning the Supreme Court "exclusive appellate jurisdiction" over "(1) [a]ll cases involving the construction of a treaty or of the Constitution of the State of Georgia or of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question; and (2) [a]ll cases of election contest"). But as to issues within the Supreme Court's general appellate jurisdiction, any effort on our part to decide a case that has been transferred without deciding issues that the Supreme Court has found to be ancillary would subvert the Supreme Court's decision to transfer and would deprive the parties of their right to have the case decided correctly under the controlling law to the best of our ability and understanding.

See also *Neal v. State*, 290 Ga. 563, 572 (722 SE2d 765) (2012) (Supreme Court has jurisdiction over "all murder cases, whether the death penalty or life imprisonment was imposed") (Hunstein, C.J., joined by all the justices, concurring).

2

testator should prevail. We therefore reverse the trial court's ruling that all of the testator's property was personal property to which the appellants were not entitled.

The two beneficiaries are James Simmons and Elery Stinson, former employees of Robert Carl Haege. They filed this declaratory judgment action seeking a declaration that, under Article V of Haege's will, they were entitled to certain property Haege had used in his business. Haege signed the will on September 8, 2006, and he died on December 5 of the same year. He was unmarried and had no children and named his sister as his executor. Article V of the will, the provision upon which Simmons and Stinson rely, provides:

> I give, bequeath and devise all of my personal assets, both real and personal, to James E. Haege, my brother and Sharon Haege England, my sister, per capita. I give, bequeath and devise all of my business interests, both tangible and intangible, real or personal, connected to the business known as Traditional Fine Art, Ltd. to James S. Simmons, Elery Stinson, James E. Haege and Sharon Haege England, per stirpes. It is specifically the intent of this provision that Steve [sic] S. Simmons enjoy, after this bequest, thirty four (34%) percent of the outstanding member certificates, that Elery Stinson enjoy seventeen (17%) percent of the outstanding member certificates, that James E. Haege and Sharon Haege England each enjoy twenty four and one half (24.5%) percent of the outstanding member certificates.

3

The superior court ruled that because Haege was a sole proprietor, upon his death, all of the property used in his business was personal property, and Simmons and Stinson were thus not entitled to any. Simmons and Stinson appealed to the Georgia Supreme Court, which transferred the appeal here.

The will means what it says, and every sentence must be given effect. It is undisputed that at the time of the testator's death his contemplated limited partnership had not been formed, so there were no member certificates. Therefore the sentence in Article V devising member certificates is without effect. OCGA § 53-4-66 ("[A] specific testamentary gift is adeemed or destroyed, wholly or in part, when the testator for any reason does not own the subject of such gift at death.").

But the preceding sentence in Article V, which devises "all of [Haege's] business interests, both tangible and intangible, real or personal, connected to the business known as Traditional Fine Art, Ltd.," is not limited to member certificates. To hold otherwise would render meaningless a sentence of the will. And it is well settled that the "intention of the testator must prevail" and that "the whole will is to be taken together, and operation is to be given every part of it, if this can be done without violating its terms or the intention of the testator." *Jordan v. Middleton*, 220

4

Ga. 903, 906 (1) (142 SE2d 806) (1965) (citations omitted). See also *Scheridan v. Scheridan*, 132 Ga. App. 210 ( 207 SE2d 691) (1974) (after transfer from Supreme Court, Court of Appeals reversed judgment in will dispute, ruling that parol evidence must be considered to resolve latent ambiguity in will and to effectuate testator's meaning).

The question, then, is whether there were any business interests to be devised. Without citing any authority, the appellees argue and the trial court found that the bequest fails, because Haege operated his business as a sole proprietorship and all of a sole proprietor's business assets are his personal assets. But wills routinely distinguish among a testator's personal assets. Testators are free to make whatever specific bequests they wish. We need not, and therefore must not, render the explicit bequest of business interests a nullity.

It is true that the bequest of "all of [Haege's] business interests, both tangible and intangible, real or personal, connected to the business known as Traditional Fine Art, Ltd." is not specific and that distribution of those assets among the named beneficiaries will be problematic, particularly as Haege used one bank account and his personal credit cards to pay both his business and personal bills and obligations, took title to the commercial property in his own name, and took out personal loans

5

against it. But those are simply issues for the factfinder, which must identify the business interests. See *Delbello v. Bilyeu*, 274 Ga. 776, 777 (1) (560 SE2d 3) (2002) (trial court as factfinder determined what testator intended to include in his bequest of "personal property").

Accordingly, the judgment of the superior court is reversed and the case is remanded for the factfinder to determine which assets exist to fill the bequest of business interests.

*Judgment reversed. Phipps, C. J., Barnes, P. J., Ellington, P. J., concur. Doyle, P. J., concurs in the judgment only. Boggs and Branch, JJ., dissent.*

A13A0537. SIMMONS et al. v. ENGLAND, executrix.

Boggs, Judge, dissenting.

This appeal in a will case was transferred to us by the Supreme Court of Georgia because it "does not involve the validity or meaning of the will and it therefore does not fall within this Court's jurisdiction. [Cits.]" According to the transfer order, the only question presented is whether any property existed to be bequeathed under a specific clause in the will. The property specifically identified in that clause does not exist, and we cannot construe the meaning of the clause in contravention of the Supreme Court's transfer order or our jurisdiction. I therefore respectfully dissent.

Item V of the will plainly states that it is "specifically the intent of this provision" that the beneficiaries receive certain percentages "of the outstanding member certificates" of "the business known as Traditional Fine Art, Ltd." But Haege never created such a limited partnership, though he apparently intended to do so.

Appellants acknowledge that the business was a sole proprietorship; they allege that Haege intended to "set up the Business as a limited liability company or other legal entity" and had contacted an attorney for that purpose. But they also acknowledge that no legal entity was established before Haege's death.

It is by no means clear, as the majority contends, that identifiable business property "plainly" exists. The record reflects that Haege made no distinction between his personal and business accounts or assets and liabilities. He used his only bank account and his credit cards to pay both his business and personal bills and obligations, took title to the commercial property in his own name, and took out personal loans against it.

It is not possible, nor is it necessary, to distinguish between Haege and the business. As the trial court correctly held, a sole proprietorship is not a legal entity and has no legal existence. "An unincorporated proprietorship is not a legal entity separate from the proprietor." (Citation and footnote omitted.) *Brand v. Southern Employment Svc.*, 247 Ga. App. 638, 639 (545 SE2d 67) (2001). "A trade name such as that which denominates the sole proprietorship is merely a name assumed or used by a person recognized as a legal entity. . . . As other courts have held, a trade name is nothing more than the alter ego of the individual." (Citations and punctuation

2

omitted.) *Miller v. Harco National Ins. Co.*, 274 Ga. 387, 391 (3) (552 SE2d 848) (2001). See also *Clarendon National Ins. Co. v. Sledge*, 261 Ga. App. 661, 662 (583 SE2d 514) (2003) ("no legally recognizable distinction" between personal and sole-proprietorship accounts for purpose of receipt-of-premium test in uninsured motorist coverage).

The majority asserts that we may construe the will to ignore the decedent's express statement that he intended to bequeath and devise "member certificates," and substitute some other property by implication. But the property as to which the testator stated that "it is specifically the intent of this provision" to transfer – "member certificates" – did not exist. Moreover, the Supreme Court has already held that this appeal does not involve construction of the will, but simply whether any property exists for the bequest to transfer. By construing the will as the majority proposes, we trespass on the jurisdiction of the Supreme Court and also contradict its express ruling that no construction of the will is needed.

I am authorized to state that Judge Branch joins in this dissent.