S13A1291. BANNER v. VANDEFORD et al.

(748 SE2d 927)

THOMPSON, Chief Justice.

John Huscusson died testate leaving three adult daughters as heirs of his estate: Tina Banner, Deborah Vandeford and Karen Nee. In his will, which was prepared by an attorney and executed in 2012, Huscusson specifically revoked his previous will, which had been executed in 2006 and had provided that Huscusson's daughters were to share equally in the estate. The 2012 will, duly signed by Huscusson and witnessed by two individuals, consists of seven sequentially numbered pages. Huscusson initialed the bottom of each page. There are no incomplete sentences in the will and the numbered paragraphs appear to follow one another properly.

The 2012 will names Banner as executrix. It provides that Huscusson was "extremely disappointed" in Vandeford and Nee and that each of them is to receive a specific bequest in the amount of $10. Banner was not given a specific bequest.

Vandeford and Nee filed a declaratory judgment action seeking an interpretation of the will. Following a hearing, the probate court determined that the will was plain and unambiguous; that it did not contain a residue clause; and that, therefore, the lapsed gift of the residue must pass by intestacy. Banner appealed, and we affirm.

1. In construing a will, the paramount rule of construction is to determine the will of the testator. As it is said: "[T]he paramount object is the ascertainment of the intention of the testator by looking to 'Its four corners' and giving consideration to all of its parts. [Cits.]" *Lewis v. Mitchell,* 216 Ga. 526, 527 (117 SE2d 901) (1961). See also *Mills v. Tyus,* 195 Ga. 119, 120-121 (23 SE2d 259) (1942). Construing the 2012 will with this rule in mind, and considering that it flows clearly and cleanly and contains no page or paragraph breaks and no non sequiturs, we must conclude, as did the probate court, that its terms are plain and unambiguous and must control. See *Donehoo v. Donehoo,* 229 Ga. 627, 629 (193 SE2d 827) (1972); *Jackson v. Brown,* 203 Ga. 602, 605 (47 SE2d 867) (1948). That being said, we find that the residue of Huscusson's estate passes through the laws of intestacy. OCGA § 53-4-65 (b).

Banner argues the probate court failed to recognize Huscusson's true intent because the will shows that Huscusson desired to disinherit Vandeford and Nee, with whom he was "disappointed" and to whom he specifically bequeathed $10 each. Completing the argument, Banner asserts the probate court should have interpreted the will so as to distribute the residue to her alone inasmuch as Huscusson demonstrated his faith in her by naming her as executrix and entrusting her with power to administer the estate. We cannot accept this assertion because the will does not express the testator's desire to disinherit Vandeford and Nee. See OCGA § 53-4-21 (if testator can read, his signature is presumed to show knowledge of contents of the will). Furthermore, although it may be unusual for a testator to omit a residue clause, this Court cannot supply one.

> The plain language here involved can not be changed by speculation as to what might have been the motive prompting the [testator] in using that language. Courts are without authority to rewrite by construction an unambiguous will; for to do that would be to substitute the will of the court for that of the testator. It is no proper concern of the court whether the disposition of one's property by will is wise or unwise, is justified or unjustified, so long as such disposition is legal and the intention of the testator is certain and clearly expressed by the terms of the will. Although the court may regard as frivolous or insufficient the reasons prompting the testator to make a bequest, yet, when the intention to make the bequest is too plain to be challenged, it is the duty of the court to give effect to it and thus allow the expressed wish of the testator to stand.

*Hungerford v. Trust Co. of Ga.*, 190 Ga. 387, 389-390 (9 SE2d 630) (1940).

Banner claims the will is ambiguous because, rather than giving direction as to how to distribute the remainder of the estate, it provides: "If there are no beneficiaries who survive me, I give all my estate to those persons who would have been entitled thereto under the laws of descent and distribution . . . as if I had died intestate." Again, we disagree because this provision sheds no light upon Huscusson's intent with respect to how the remainder should be distributed to the named beneficiaries who survive him. See generally *Frost v. Dixon*, 204 Ga. 268, 271 (49 SE2d 664) (1948) ("[e]ach sentence should be given the weight it deserves when considered in connection with the entire plan of the will, or any distinct part of it, but no

separate sentence should be overemphasized so as to distort the underlying testamentary scheme").

2. Contrary to Banner's contention, the probate court did not err in refusing to permit the attorney who drafted the will to testify that Huscusson wanted Banner to inherit the remainder of the estate. Inasmuch as the will contains no ambiguities, whether patent or latent, see *Walker v. Wells*, 25 Ga. 141 (1858), parol evidence cannot be introduced to contradict its terms. *Hungerford v. Trust Co. of Ga.*, supra at 388.

> This is true although they may express a meaning entirely at variance with the real intention of the testator. [Thus], a legacy to the sons of a testator's daughter could not be changed into a legacy to the daughters of a testator's son, although he had grandchildren of both classes and a hundred witnesses were offered to prove he really meant the legacy for the latter instead of the former, as declared in the will itself.

*Erwin v. Smith*, 95 Ga. 699 (22 SE 712) (1895). Otherwise, no will could hold up to parol evidence of witnesses who come forward after the testator's demise.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 2013.

*Andrew, Merritt, Reilly & Smith, Raymon D. Burns*, for appellant.

*Robert W. Hughes, Jr.*, for appellees.