295 Ga. 1
FINAL COPY

S13G1709. ENGLAND v. SIMMONS et al.

BLACKWELL, Justice.

Robert Carl Haege died in December 2006. Three months earlier, Haege had made a will, in which he left his "personal assets" to his brother and sister, and in which he left his "business interests, both tangible and intangible, real or personal, connected to the business known as Traditional Fine Art, Ltd." to his brother, sister, and two longtime employees.[1] After Haege died, questions arose about the disposition of property associated with Traditional Fine Art, Ltd., insofar as Traditional Fine Art was a sole proprietorship and, therefore, had no legal existence separate and apart from Haege himself. The will was admitted

---

[1] The relevant provisions of the will read as follows:

I give, bequeath and devise all of my personal assets, both real and personal, to James E. Haege, my brother[,] and Sharon Haege England, my sister, per capita. I give, bequeath and devise all of my business interests, both tangible and intangible, real or personal, connected to the business known as Traditional Fine Art, Ltd. to James S. Simmons, Elery Stinson, James E. Haege and Sharon Haege England, per stirpes. It is specifically the intent of this provision that Steve [sic] S. Simmons enjoy, after this bequest, thirty four (34%) percent of the outstanding member certificates, that Elery Stinson enjoy seventeen (17%) percent of the outstanding member certificates, that James E. Haege and Sharon Haege England each enjoy twenty four and one half (24.5%) percent of the outstanding member certificates.

to probate, and Sharon Haege England — Haege's sister — was appointed as executrix of his estate. England failed to distribute any property to James S. Simmons and Elery Stinson — the two longtime employees — and they filed this lawsuit against England, seeking a declaratory judgment as to the meaning of the will with respect to the property associated with Traditional Fine Art. The trial court entered a final judgment for England, concluding that, because Traditional Fine Art was only a sole proprietorship, the property associated with the business was merely the personal property of Haege, and there was, therefore, nothing to pass under the "business interests" provision of the will.

Simmons and Stinson appealed, and in a split decision, the Court of Appeals reversed. Simmons v. England, 323 Ga. App. 251 (746 SE2d 862) (2013). The majority of the Court of Appeals looked to the intention of the testator as evidenced by the plain terms of his will, and it concluded that Haege evidently meant to differentiate between his personal property "connected with the business known as Traditional Fine Art, Ltd." and his other "personal assets." Id. at 253-254. Noting that "the intention of the testator must prevail," and noting as well that "operation is to be given to every part of [the will] if this can be done without violating its terms or the intention of the testator," the

2

Court of Appeals concluded that Simmons and Stinson were entitled — along with England and her brother — to share in any "business interests, both tangible and intangible, real or personal, connected to the business known as Traditional Fine Art, Ltd.," and the existence and identity of such property were "simply issues for the factfinder, which must identify the business interests." Id. (citations and punctuation omitted). Two judges dissented, reasoning as the trial court did that a sole proprietorship has no legal existence and that all property connected with the business was merely the personal property of Haege. Id. at 254-255 (Boggs, J., dissenting). On the petition of England, we issued a writ of certiorari to review the decision of the Court of Appeals, and we now affirm.

In this Court, England does not dispute the fundamental premise of the decision of the Court of Appeals — that a sole proprietor may separately dispose in his will of personal property connected with his sole proprietorship and his other personal property — and she is right not to dispute it. See Bank of Statesboro v. Simmons, 164 Ga. 885 (139 SE 661) (1927) (a testamentary gift of a sole proprietorship, broadly including certain enumerated categories of business property, is an effective specific legacy that survives the death of the testator). See also Phillip E. Hassman, *Ademption of Legacy of Business or*

3

*Interest Therein*, 65 ALR3d 541, § 2 [a] (1975) ("The bequest of an unincorporated business or an interest therein . . . is the bequest of a specific unique thing capable of being identified and differentiated from all other things existing in the estate." (Footnote omitted)); George Gleason Bogert et al., The Law of Trusts and Trustees § 571 ("A testator may make such provision as he likes regarding a business which he has been conducting through a sole proprietorship . . . ."). Instead, England argues that Haege did not actually intend to separately dispose of any property associated with his sole proprietorship. In support of this argument, England points to the sentence of the will that immediately follows the provision leaving "business interests . . . connected with the business known as Traditional Fine Art, Ltd.":

> It is specifically the intent of this provision that [James] S. Simmons enjoy, after this bequest, thirty[-]four (34%) percent of the outstanding member certificates, that Elery Stinson enjoy seventeen (17%) percent of the outstanding member certificates, [and] that James E. Haege and Sharon Haege England each enjoy twenty[-]four[-]and[-]one[-]half (24.5%) percent of the outstanding member certificates.

This sentence, England says, limits the "business interests" referenced in the preceding sentence to membership certificates evidencing ownership of Traditional Fine Art, and since it remained a sole proprietorship when Haege

4

died, she concludes, there are no such membership certificates. The provision concerning "business interests," England argues, was meant to apply only in the event that Haege organized his sole proprietorship as a separate legal entity, which he never did.

The problem is, if Haege meant only to direct the disposition of nonexistent membership certificates, he could have done so quite simply with the sentence upon which England relies, and he could have omitted nearly all of the preceding sentence about "business interests." Moreover, that preceding sentence must refer to something more than membership certificates, insofar as the ownership interest represented by such certificates is indisputably intangible personal property, but in the preceding sentence, Haege referred to "all of my business interests, *both tangible and intangible, real or personal*, connected to the business known as Traditional Fine Art, Ltd." If such "business interests" only meant membership certificates, the references to tangible and real property would have no meaning and would, in fact, be nonsensical.

Taking the will as a whole, the most natural and reasonable understanding of these provisions is that Haege left his personal property that amounted to "business interests . . . connected to the business known as Traditional Fine Art,

5

Ltd." — specifically including, but not limited to, membership certificates that he owned, if any — to Simmons, Stinson, and his brother and sister, and he left all of his other personal property to his brother and sister alone. See A.E. Korpela, Annotation, *What Passes under Term "Business" or "Business Enterprise" in Will*, 28 ALR3d 1169, § 3 [b] (1969) (noting general rule that use of the term "business" in a will refers to all property involved in the conduct of the business). That is how the majority of the Court of Appeals understood the will, and it was correct to do so. We also find no error in the conclusion of the Court of Appeals that the precise identification of the property amounting to "business interests . . . connected to the business known as Traditional Fine Art, Ltd." "are simply issues for the factfinder." Simmons, 323 Ga. App. at 254 (citation omitted). Accordingly, we affirm the judgment of the Court of Appeals.

Judgment affirmed. All the Justices concur.

Decided March 28, 2014.

Certiorari to the Court of Appeals of Georgia – 323 Ga. App. 251.

Smith, Welch, Webb & White, John P. Webb, Grant E. McBride, J. Mark Brittain, for appellant.

6

Giacoma Schleicher, Kristofer R. Schleicher, Joyce, Thrasher, Kaiser & Liss, Andrew P. Kaiser, for appellees.