In the Supreme Court of Georgia

Decided: February 1, 2016

S15A1515. SMITH v. ASHFORD et al.

THOMPSON, Chief Justice.

Jay Richard Smith (Smith) died testate on October 29, 2013, survived by his wife, Kathy Kristina Smith, appellant in this case, and the couple's two minor daughters. At the time of his death, Smith was the beneficiary of the Jay Richard Smith Irrevocable Trust (the "Trust") established by his parents, the provisions of which granted Smith an unrestricted testamentary power of appointment of the Trust assets remaining after his death. Following Smith's death, appellant filed a petition to probate Smith's will dated September 5, 2013 (the "Will") in Gwinnett County Probate Court. Thereafter, the probate court appointed appellant to serve as personal representative of Smith's estate and appellee, Dana C. Ashford, to serve as Guardian Ad Litem representing the interests of the minor children.

Appellant filed a Petition for Declaratory Judgment and Construction of

a Will, seeking construction of the Will by the probate court and a declaration as to whether Smith, under the terms of the Will, exercised the testamentary power of appointment granted him by the Trust. Appellee filed a response on behalf of the children, asserting that the language of the Will was clear and unambiguous, that no construction of the Will was necessary or appropriate, and that no justiciable controversy existed to support the declaratory relief sought. After reviewing the pleadings, motions, briefs and arguments of counsel, the probate court entered an order on February 2, 2015, finding that the Will was not ambiguous and that the court thus could not look beyond the four corners of the document to ascertain Smith's intent. Going further, the court decided that the plain language of the relevant provisions of the Will clearly and unambiguously showed Smith failed to exercise the testamentary power of appointment granted him by the Trust. Accordingly, the probate court ordered the Trust assets to be distributed pursuant to the terms of the Trust where no power of appointment had been exercised. Appellant appeals this order, and because we agree the language of the Will is unambiguous, but disagree with the probate court's determination that Smith failed to exercise his testamentary power of appointment therein, we affirm in part and reverse in part the probate

2

court's order in this case.

    1. A review of the evidence shows that the power of appointment granted Smith is clearly set forth in the Trust documents. Article Six, Section 6.01 (c) of the Trust provides in pertinent part:

> [Smith] shall have the unlimited and unrestricted testamentary general power to appoint all or any portion of the principal and undistributed income remaining in his trust at his death upon one or more persons or entities and the creditors of [Smith's] estate. [Smith] shall have the sole and exclusive right to exercise this general power of appointment. . .

> Insofar as any part of [Smith's] trust shall not be effectively appointed, the Trustee shall distribute the remaining unappointed balance *per stirpes* in trusts to the descendants of [Smith].

Correspondingly, Article Nine, Section 9.11 of the Trust allows

> [a] testamentary power of appointment granted under this Trust [to] be exercised by a Will, Living Trust or other written instrument specifically referring to the power of appointment.

Appellant contends that Smith sought to exercise the testamentary power of appointment granted him under the Trust by including the following language in Article IV, Section 4.3 of the Will:

<u>Trust Interest from Family Limited Liability Corporation.</u>[1]  Upon my death I give a power of appointment to my spouse related to any real and personal property and other tangible assets that I benefit from under the Limited Liability Corporation created by my deceased parents which is formally known as ALPERT CAPITAL INVESTMENTS LLC, C/O DORIS ALPERT MANAGING, 3115 S. Ocean Blvd., # 904, Highland Beach, Florida 33487-2575 and which is currently shared by me with my siblings.  If my spouse shall predecease me or fails to exercise this power of appointment, this gift shall benefit my children either by direct exercise of the power so long as they have achieved the age of 30 years or to the trustee under Article V of this Will if they are under age 30.[2]

We agree with the probate court that the language of Section 4.3 of the Will is plain, unambiguous and capable of only one interpretation. By its plain language, the first sentence of this section provides that, upon his death, Smith *gives* appellant a power of appointment over property contained in the trust.

"Under Georgia law, a power of appointment can be exercised only in the manner specified by the donor." <u>Hargrove v. Rich</u>, 278 Ga. 561, 562 (604 SE2d 475) (2004).  Here, the provisions of the Trust granted Smith an "unlimited and

---

[1] Provisions regarding proper construction of the document are set forth in Article VIII of the Will, Section 8.4 of which expressly provides that "headings, titles and subtitles herein are inserted for convenience of reference only and are to be ignored in any construction of the provisions hereof."

[2] Article V of the Will, entitled J-K Smith Family Trust, creates a trust, the stated primary purpose of which is "to provide for the health, support, maintenance, and education of my children."

4

unrestricted general power to appoint all or any portion of the principal and undistributed income remaining in his trust at his death" and the "sole and exclusive right to exercise this general power of appointment" by a will "specifically referring to the power of appointment." Thus, while Smith had the power to appoint the property remaining in the Trust at the time of his death, he did not have the authority to *give* this power of appointment to another. Instead, the trust donors specifically provided that in the event Smith failed to effectively appoint the trust property himself, upon his death the remaining unappointed balance would be distributed *per stirpes* in trusts to his descendants.

Citing OCGA § 53-4-55,[3] appellant asserts that even though parol evidence is inadmissible to vary the unambiguous terms of a will, the circumstances surrounding a testator at the time of execution of a will should always be considered by the court in interpreting the meaning of a will's

---

[3] This statute specifically provides:

In the construction of all wills, the court shall seek diligently for the intention of the testator and shall give effect to such intention as far as it may be consistent with the rules of law. Provided the proof of intention is clear and convincing, the court may transpose sentences or clauses, change conjunctions, and supply or delete words in cases in which a sentence or clause as it stands is unintelligible or inoperative in context.

OCGA § 53-4-55.

provisions and that, in this case, parol evidence would establish Smith's intent to give her the trust assets via the will. This argument, however, misconstrues the statute which only applies after a determination has been made that an ambiguity exists requiring the will's construction. See Banner v. Vandeford, 293 Ga. 654, 655 (1) (748 SE2d 927) (2013) ("Courts are without authority to rewrite by construction an unambiguous will.") (quoting Hungerford v. Trust Co. of Ga., 190 Ga. 387, 389 (9 SE2d 360) (1940)).

The cardinal rule in construing the provisions of a will is to determine the intent of the testator. See OCGA § 53-4-55; Banner, supra. It is well settled, however, that "there is no room for construction when the meaning of the words used in the will is so plain and obvious that it cannot be misunderstood." Erwin v. Smith, 95 Ga. 699 (22 SE 712) (1895). This is true even if the words used in the will express a meaning entirely at variance with the real intention of the testator. Id. See Banner, supra at 655. The plain and unambiguous terms of a will must control and "[p]arol evidence cannot be used to contradict or give new meaning to that which is expressed clearly in the will." Reynolds v. Harrison, 278 Ga. 495, 498 (604 SE2d 184) (2004), citing Hall v. Beecher, 225 Ga. 354, 357 (168 SE2d 581) (1969). Thus, only where a will is ambiguous can the court

apply the rules of construction and consider parol evidence of circumstances surrounding the testator at the time of execution of the will in order to ascertain the testator's intent. See OCGA § 53-4-56 ("In construing a will, the court may hear parol evidence of the circumstances surrounding the testator at the time of execution to explain all ambiguities, whether latent or patent.").

2. Appellant additionally argues that the property described in Section 4.3 of the Will does not exist because Smith personally owned no interest in the referenced LLC. Appellant contends this alleged discrepancy creates a latent ambiguity in Section 4.3 of the Will which requires application of the rules of construction by the probate court. See OCGA § 53-4-56. Pointing to cases in which this Court has considered parol evidence to correct misnamed or misidentified property and/or beneficiaries in a will, see, e.g., Dyess v. Brewton, 284 Ga. 583, 585 (669 SE2d 145) (2008) (will dated in May incorrectly referenced as "March will"); Legare v. Legare, 268 Ga. 474, 475 (490 SE2d 369) (1997) (will combined the names of two relatives despite indicating only one beneficiary), appellant asserts that the probate court's failure to find a latent ambiguity with respect to the property referred to in this section of the Will and its refusal to consider parol evidence constituted reversible error. We disagree.

7

In Section 4.3 of the Will, Smith describes the property over which he seeks to give appellant a power of appointment as "any real and personal property and other tangible assets that I benefit from under the Limited Liability Corporation created by my deceased parents . . . which is currently shared by me with my siblings." As it is undisputed that Smith benefitted from the LLC's assets through the terms of the Trust, we find no ambiguity in this description. Moreover, appellant has failed to demonstrate how any ambiguity created by a mis-characterization of the property in the Will would create an ambiguity with respect to the issue of whether Smith, by purporting to give appellant the power of appointment over the trust assets, properly exercised his testamentary power of appointment over those assets. Regardless of how the property is described in the Will, the language of the Will makes clear that Smith was not giving the property to appellant, but rather, was giving her a power of appointment over the property. See <u>Oliver v. Henderson</u>, 121 Ga. 836, 839 (49 SE 743) (1905) ("Parol evidence is not admissible to show that the testator meant one thing when he said another." ).

3. Our consideration of whether Smith validly exercised his testamentary power of appointment in the Will does not end here because, having found that

Smith lacked the authority to give appellant the power to appoint the Trust

property in his stead, we must also consider the effect of Smith's alternative

instructions regarding the power of appointment as set forth in the second

sentence of Section 4.3. This sentence states:

> If my spouse shall predecease me or fails to exercise this power of appointment, this gift shall benefit my children either by direct exercise of the power so long as they have achieved the age of 30 years or to the trustee under Article V of this Will if they are under age 30.[4]

By this language, Smith created a contingent remainder devising to his children

a contingent future estate in the Trust property which would vest, if at all, upon

appellant's failure to survive Smith or her failure to exercise the power of

appointment Smith sought to give her over the Trust property. See OCGA § 44-

6-60 (a) ("An estate in remainder is one limited to be enjoyed after another

estate is terminated or at a time specified in the future."). See also Padgett v.

Hatton, 200 Ga. 209, 210 (1) (36 SE2d 664) (1946) ("A contingent remainder

is one limited to an uncertain person, or upon an event which may or may not

---

[4] We note that this language in Section 4.3 of the Will was not addressed by the parties in their briefs below or at the hearing before the probate court on appellant's petition for declaratory judgment.

9

happen.").[5] Because Smith lacked the authority to confer on appellant his power to appoint the Trust property, see Div. 1, supra, thus rendering the first provision of Section 4.3 of the Will invalid, the remaining contingent provision became operative.[6]

As stated, Smith's devise to his children is contingent upon appellant's failure to survive Smith or her failure to exercise the purported power of appointment. The first contingency has not been met because Smith predeceased appellant. The contingency of appellant's failure to exercise the power of appointment has been satisfied, however, because appellant has no authority to exercise the power of appointment Smith ineffectively bestowed upon her. Thus, the contingency of failure to exercise found in the remainder

_____

[5] Under Georgia law, it does not matter that the power of appointment Smith sought to convey to appellant was not itself an estate in the Trust property, but merely the absolute authority to dispose of the estate prior to it vesting in Smith's children pursuant to the contingent remainder provision of Smith's will. See Bienvenu v. First Nat. Bank of Atlanta, 193 Ga. 101, 107 (17 SE2d 257) (1941) ("Where remainders are subject to be divested, in whole or in part, by a disposition of the whole or some part of the property, this contingency does not deprive the remainder of its character."). See also OCGA § 44-6-42 ("Since no particular estate is necessary to sustain a remainder, the defeat of the particular estate for any cause does not destroy the remainder.").

[6] Article IX, Section 9.2 of the Will entitled "Saving Clause" provides:

If any court of competent jurisdiction invalidates any portion of this Will or otherwise finds any provision unenforceable, such finding shall not be construed as invalidating the entirety of this Will and all remaining provision shall remain in legal force and effect.

10

clause is met by virtue of this legal impossibility. See generally OCGA § 44-6-42; Gresham v. Gannon, 243 Ga. 269 (253 SE2d 748) (1979) (following failure of charitable devise, disposition of estate was controlled by reversionary clause in will).

Next, we find that Smith effectively exercised the testamentary power of appointment granted him by the Trust to devise property in the Trust to his children. That is because the language of this section clearly and unambiguously provides that if appellant fails to exercise the power of appointment Smith sought to give her, then by "direct exercise of the power [of appointment]" Smith's children shall benefit from "this gift," i.e., the property and assets Smith benefitted from under the LLC, which were held in the Trust. By directly exercising his sole and exclusive right to appoint the Trust's assets upon his death while referring to the power of appointment, Smith exercised his power of appointment in the manner specified by the Trust's donors. See Hargrove, supra at 562.

Based on these findings, we reverse that part of the probate court's decision finding Smith failed to exercise the testamentary power of appointment granted him by the Trust and requiring that the Trust assets be distributed

pursuant to the terms of the Trust where no power of appointment had been exercised. Instead, pursuant to the provisions of the Will, any real and personal property and other tangible assets that Smith benefitted from under the LLC which are held in the Trust must be distributed to the trustee of the J-K Smith Family Trust, identified in Article V of the Will, for the benefit of Smith's children. Accordingly, we remand this case to the probate court for the issuance of an order in conformity with this decision.

Judgment affirmed in part and reversed in part. All the Justices concur.