**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

June 29, 2020

# In the Court of Appeals of Georgia

A20A0022. LUKE et al. v. LUKE et al.

McFADDEN, Chief Judge.

This appeal challenges a trial court's finding that a provision of a will is unambiguous and shows the testator's clear intent to devise a one-fourth interest in certain real property to her son. While evidence of the testator's intent may authorize that finding, in order to find and give effect to that intent, the trial court must consider parol evidence and use that evidence to resolve a latent ambiguity. So we vacate the trial court's order and remand for consideration of that parol evidence.

1. *Facts and procedural posture.*

The will at issue is Edith Luke's. She and Andrew Luke were married and had five children. During the marriage, Andrew Luke conveyed a joint one-half interest

in certain farm property to Edith Luke and their son, Andy Luke. Andrew Luke retained ownership of the other one-half interest in the farm property.

Andrew Luke and Edith Luke subsequently divorced. After the divorce, Andrew Luke conveyed his one-half interest in the farm property to the Andrew W. Luke Revocable Living Trust. His children are beneficiaries of that trust. Edith Luke was not. Andrew Luke died in 2001.

Although she is not a beneficiary of Andrew Luke's trust, Edith Luke's last will and testament, executed in 2009, purports to bequeath a life estate in a one-fourth interest in that trust. It provides at Item Four,

> I will, give, grant, bequeath and devise a life estate of my one-fourth (1/4) share of the ANDREW LUKE IRREVOCABLE TRUST to ANDY LUKE, for his lifetime, however, subject to his paying one-half (½) of rents and one-half (½) of timber sales to TOMMIE CLARK each year. Upon ANDY LUKE's demise this one-fourth (1/4th) shall continue to be paid to TOMMIE CLARK for her lifetime, and upon TOMMIE CLARK'S demise this one-fourth (1/4th) interest shall remain and be a part of the ANDREW W. LUKE IRREVOCABLE TRUST and subject to the provisions thereof.

Edith Luke died in 2012. Litigation ensued. Andy Luke, his sister Tommie Clark, and others filed a petition against their siblings and others seeking, among other things, construction of Edith Luke's will. Tommie Clark later withdrew from the case. Andy Luke filed a motion for partial summary judgment.

2

Andy Luke contends that Item Four of Edith Luke's will should be construed to leave him a life estate in his mother's interest in the farm property (subject to the provisions in favor of his sister Tommie Clark). The trial court granted the motion, finding that Item Four of the will "is unambiguous, and that the testator's clear intent was to leave her share of the farm property to her son, Andy Luke for his life, subject to the provisions regarding the care of Tommie [Clark]." At another point in its order, the trial court found that "it was the clear intent of Edith Luke to devise her interest in the Andrew W. Luke Revocable Trust to her son, Andy, for his life, subject to the provisions regarding the care of Tommie Clark." The defendants appeal.

2. *Construing the will.*

"The construction of a will is a question of law, which we review de novo." *DeMott v. DeMott*, 353 Ga. App. 190 (836 SE2d 612) (2019).

> The cardinal rule in construing the provisions of a will is to determine the intent of the testator. It is well settled, however, that there is no room for construction when the meaning of the words used in the will is so plain and obvious that it cannot be misunderstood. This is true even if the words used in the will express a meaning entirely at variance with the real intention of the testator. The plain and unambiguous terms of a will must control and parol evidence cannot be used to contradict or give new meaning to that which is expressed clearly in the will. Equally important, the entire document is to be taken together, and operation should be given to every part of it. Where the will is ambiguous, the court should apply the rules of construction and may consider parol

3

evidence of circumstances surrounding the testator at the time of execution of the will in order to ascertain the testator's intent.

Id. at 191 (citations and punctuation omitted).

In resolving ambiguities, "the court may hear parol evidence of the circumstances surrounding the testator at the time of execution to explain all ambiguities, whether latent or patent." OCGA § 53-4-56. "A patent ambiguity is one that appears on the face of the will, whereas a latent ambiguity is not apparent on the face of the will, but only appears when the words of the will are put into operation." *Redfearn Wills and Administration in Georgia*, § 7:10 (2019-2020 Ed.). See also *Board of Regents v. Bates*, 262 Ga. 307 (1992); *Citizens & Southern Nat. Bank v. Clark*, 172 Ga. 625, 630 (158 SE 297) (1931); *Scheridan v. Scheridan*, 132 Ga. App. 210 (207 SE2d 691) (1974). So courts have "considered parol evidence to correct [latent ambiguities of] misnamed or misidentified property and/or beneficiaries in a will[.]" *Smith v. Ashford*, 298 Ga. 390, 393 (2) (782 SE2d 251) (2016) (citations omitted). See *Redfearn Wills and Administration in Georgia*, § 7:10 (2019-2020 Ed.) ("Parol evidence is admissible to assist in determining the intention of the testator if the property has been incorrectly described in the will.").

In this case, the trial court erred in finding that Item Four of the will is unambiguous. While Item Four is not patently ambiguous on its face, it contains latent ambiguities concerning the property devised that appear only when its words are put into operation. As an initial matter, the parties agree that there is no instrument known as the "Andrew W. Luke Irrevocable Trust" as referenced in Item Four. Nevertheless, we agree with the trial court's finding that this was merely a scrivener's error in referencing the "Andrew W. Luke Revocable Trust." See *Benedict v. Snead*, 271 Ga. 585, 586 (519 SE2d 905) (1999) (scrivener's error not permitted to defeat clear intent).

A more serious latent ambiguity arises from the fact that Edith Luke undertook to bequeath an interest in the trust even though she had no such interest. The bequest cannot be put into operation without resolving that ambiguity. Parol evidence must be considered to determine the testator's intent in devising a life estate of a one-fourth share of the trust. "In this situation, parol evidence of all of the facts and circumstances respecting persons and property to which the will relates are admissible as legitimate evidence to show the intention and application of the words used." *Legare v. Legare*, 268 Ga. 474, 476 (490 SE2d 369) (1997). "Accordingly, we [vacate the trial court's order] and remand this case for further proceedings consistent with

5

this opinion." *DeMott*, supra at 193 (remanding case for trial court to consider parol evidence to resolve ambiguity in will and determine testator's intent in conveying certain property rights). See also *Ovrevik v. Overvik*, 242 Ga. App. 95, 100 (4) (527 SE2d 586) (2000) (remanding case to trial court to hear parol evidence to explain ambiguity and determine intent of trust language distributing property).

*Judgment vacated and case remanded with direction. Doyle, P. J., and Hodges, J., concur.*